Lucien LOUIS, et al., Plaintiffs,

v.

Alan C. NELSON, et al., Defendants.

No. 81–1260–CIV–EPS.

United States District Court,
S. D. Florida.

June 29, 1982.

---

**55.** 5 U.S.C. § 552(a); 5 U.S.C. § 552(a)(1)(D); 5 U.S.C. § 553. *Parco v. Morris*, 426 F.Supp. 976 (E.D.Pa.1977).

See also 532 F.Supp. 881, and 544 F.Supp. 1004.

---

## FINAL JUDGMENT [1]

SPELLMAN, District Judge.

The above-styled cause is a class action brought to challenge the Defendants' policy of detaining Haitian nationals pending resolution of their claims for admission to the United States.[2] The Plaintiffs herein are the Haitian Refugee Center, Inc., Lucien Louis, Wilner Luberisse, Jean Louis Servebien, Pierre Silien, Serge Verdieu, Milfort Vilgard, Joel Casimir, Job Dessin and Prophete Talleyvand, on behalf of themselves and all others similarly situated. The class certified by the Court consists of:

> All Haitian aliens who have arrived in the Southern District of Florida on or after May 20, 1981, who are applying for entry into the United States and also are presently in detention pending exclusion proceedings at various INS detention facilities, for whom an order of exclusion has not been entered and who are either:
> 1. Unrepresented by counsel; or
> 2. Represented by counsel pro bono publico assigned by the Haitian Refugee Volunteer Lawyer Task Force of the Dade County Bar Association.[3]

On June 18, 1982, the Court issued an opinion 544 F.Supp. 973 in this case that found as follows:

> 1. Plaintiffs have established that the new detention policy, whereby excludable aliens are placed in detention until they establish to INS' satisfaction a prima facie claim for admission, was not adopted in accordance with the requirements of the Administrative Procedure Act. Because Defendants failed to give interested persons notice and an opportunity to comment on the new detention policy in the Federal Register 30 days prior to its implementation, the Court finds the rule pursuant to which Plaintiffs are incarcerated to be null and void.

> By its ruling, the Court does not mean to say that detention in itself is unlawful. That question must be left to another day. The Court holds that when the Government changed its long-standing policy of freely paroling Haitians to a policy of incarcerating them while they litigate their claims for admission to this country, it did so in a procedurally improper way. Those procedures are designed to protect all persons, aliens and citizens alike. Unless and until INS adopts a detention rule or regulation as required by law, this Court will not sanction enforcement of their new detention policy. Accordingly, the Court finds in favor of the Plaintiffs on their Administrative Procedure Act claim as set forth in Count II of the Complaint.

> 2. Plaintiffs have failed to prove by a preponderance of the evidence that they

---

1. This Final Judgment is being entered pursuant to the provisions of Federal Rules of Civil Procedure 23(c)(3), 54 and 58.

2. The complaint in this cause originally contained seven counts challenging a wide variety of policies and practices used by INS during exclusion proceedings. In a prior order of this Court, four entire counts and portions of two others were dismissed. *See Louis v. Meissner,* 532 F.Supp. 881 (S.D.Fla.1982).

   Two issues set forth in three counts survived the Court's Order of Dismissal. The first issue, and a question of primary importance to these Plaintiffs, is whether they are lawfully being detained pending the outcome of their exclu-

sion proceedings. As will be more fully explained *infra,* the Court has found in favor of the Plaintiffs on this issue based on their APA claim (Count II) and in favor of the Defendants on the discrimination claim (Count VII). In light of the relief to be afforded Plaintiffs by this Final Judgment, the Court believes that Plaintiffs' claim of a right of access, as set forth in Count IV of the Complaint, is moot.

3. See Paragraph 6 *infra.* The modification granted therein is without prejudice to the right of the Government to object to further class modifications or motions for intervention.

were incarcerated because of their race and/or national origin. The evidence shows that the detention policy was not directed at Plaintiffs because they were black and/or Haitian, but because they were excludable aliens unable to establish a prima facie claim for admission and that non-Haitians were detained pursuant to this policy as well. The mere fact that more Haitians were detained and kept in detention for longer periods of time than aliens of other nationalities does not render the policy discriminatory. Regardless of its ultimate impact, the policy was intended to be applied and was in fact applied equally to all similarly situated aliens regardless of their race and/or national origin. Accordingly, the Court finds in favor of the Defendants as to Count VII of the Complaint.

Based on this ruling, the Court set a hearing for June 23, 1982 to determine "the effect of this Court's ruling, the remedy to be afforded Plaintiffs, how that remedy should be effected and the extent to which this Court should retain jurisdiction over the cause."

The Court has found that the detention policy pursuant to which Plaintiffs are incarcerated was adopted and implemented "without observance of the procedures required by law." Therefore, the new detention policy is null and void and the policy regarding parole, that was used prior to May 20, 1981, is in full force and effect. See 5 U.S.C. §§ 552, 553, and 706; *Kelly v. United States*, 339 F.Supp. 1095, 1101 (E.D. Cal.1972); *Lewis v. Weinberger*, 415 F.Supp. 652 (D.N.M.1972); *Hou Ching Chow v. Attorney General*, 362 F.Supp. 1288 (D.C.D.C.1973); *Parco v. Morris*, 426 F.Supp. 976 (E.D.Pa.1977); *Lewis-Mota v. Secretary of Labor*, 469 F.2d 478 (2nd Cir. 1972).

The Court does not believe that allowing these Plaintiffs to remain in detention while a rulemaking proceeding takes place is a viable solution to this lawsuit. Some of the Plaintiffs herein have been incarcerated for over one year pursuant to a policy this Court has found to be unlawful. Nothing in the record indicates that these individuals fall within the old detention policy because they are likely to abscond or a security risk. It would not be just or equitable to require detention of the members of this class in the future nor would an unconditional release be appropriate under the circumstances. Therefore, the Court believes that the remedy that best serves the interests of all parties to this litigation is an interim plan for release of these Plaintiffs on parole subject to the conditions set forth herein pending a determination of their claims for admission.

It is therefore,

ORDERED AND ADJUDGED as follows:

1. FINAL JUDGMENT is entered in favor of the Defendants as to Count VII of the Complaint.

2. FINAL JUDGMENT is entered in favor of the Plaintiffs as to Count II of the Complaint.

3. Based on the power vested in this Court pursuant to 28 U.S.C. § 2202,[4] the Defendants herein, their heirs, successors, assignees, agents and employees are hereby ENJOINED from enforcing their policy of detaining excludable aliens unless they establish to INS' satisfaction a prima facie claim for admission until that policy is embodied in a rule and adopted in accordance with 5 U.S.C. §§ 552 and 553 and any other relevant provision of law. However, this injunction shall not be construed to preclude detention of excludable aliens deemed a security risk or likely to abscond.

4. Based on the power vested in this Court pursuant to 28 U.S.C. §§ 2202 and 2241, the Defendants herein, their heirs, successors, assignees, agents and employees are hereby ENJOINED from continuing to detain the Plaintiffs herein and are ORDERED to release said individuals.

**4.** *United States Lines Co. v. Shaughnessy*, 195 F.2d 385 (2nd Cir. 1952), citing *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951); *Powell v. McCormick*, 395 U.S. 486, 499, 89 S.Ct. 1944, 1952, 23 L.Ed.2d 491 (1969).

5. The implementation of Paragraph 4 of this Final Judgment is to be commenced forthwith in accordance with the terms and conditions hereinafter set forth:

A. The Immigration and Naturalization Service is to obtain full identification information relative to each member of the class including but not limited to photographs, fingerprints and a full and complete personal history for future and continued identification of said individuals. This record is to be kept by the Service in duplicate form and to be utilized by them in the location that the alien is ultimately resettled. INS shall also maintain a master file of these records in their offices in Miami, Florida. Said central file is to be kept separate and apart from other records for easy future identification and use. These records shall contain continual updating of the original location of said individual and any notice of a change relative to address and employment.

B. Each Haitian is to receive a typed immigration form I–94 with alien number, an indication of parole pursuant to Section 212(D)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1182(D)(5), and with "employment authorized" stamped on said form. A duplicate of said I–94 shall be kept in the central file located here in Miami, Florida in addition to being kept in the alien's file.

C. The release of the members of the class will be completed regardless of whether counsel has been secured or otherwise provided for said individuals at the time of their release.

D. The members of the class are to be released to INS approved sponsors throughout the United States upon presentation to INS of responsible sponsors who are willing and agreeable to accepting the terms and conditions of this Order as the same apply to them. Responsible sponsors shall always include volunteer agencies and may include extended family members (residents in a de facto sense who can satisfy the Service relative to their permanent and definable addresses) or other suitable parties approved by the volunteer agencies. There must be *both* a volunteer agency and an individual sponsor as to each alien. It is not the intent of this Court by this Order that the Service will deviate from the policy which precludes the release of individuals who have serious, contagious diseases or who have been medically declared to be mentally psychotic and a danger to themselves or the community. Financial assistance to defray medical and psychiatric expenses and to assist those Plaintiffs who are now and remain in the future financially indigent is a concern that must be continued to be addressed. Numerous voluntary agencies have indicated their willingness in this regard. It is not the Court's intent that this financial obligation be the continued concern of the State or the community in which the individual is located.

E. As a condition to approval as a sponsor, each voluntary agency and individual sponsors as contemplated by this Order will agree in writing to abide by the terms of this Order including a full reporting procedure on a weekly basis to independent third parties approved and appointed by this Court. The Defendants within ten (10) days from the entry of this Order are to provide arrangements for financial funding to defray the expense and functioning of said independent third parties. The independent third parties appointed by this Court are to immediately communicate to the appropriate INS representative the failure of any sponsor to report or any negative reports relative to individual Haitians, that is to say, an indication from the sponsor that the Haitian failed to contact him. The reporting conditions, requirements and responsibilities set forth in this Paragraph are pursuant to and under the authority of the United States District Court.

F. This Court's predecessor issued an injunction enjoining exclusionary hearings from going forward as to all Haitians in detention who were unrepresented by counsel. Subsequent to this Court's opinion of June 18, 1982, the Defendants moved to dissolve that injunction. This Court does herewith specifically reserve ruling on said motion at this time in accordance with the following terms and conditions:

(1) Hearings are to begin as soon as possible for all members of the class who are represented by counsel whether they be privately retained or pro bono.

(2) At or before the time of release, each member of the class together with the voluntary agency and individual sponsor are to be served with notice of the first appearance before an Immigration Judge which appearance is to be not less than thirty (30) days after the date of release. At the time of said first appearance, if said individual has either privately retained counsel or accepted pro bono representation, the individual, together with the voluntary agency and individual sponsor and counsel who at that time will be required to file a G–28 form, will be notified and the matter will proceed thereafter in accordance with law.

(3) If the individual has neither secured counsel or in lieu thereof has pro bono counsel assigned to him at the time of his first appearance, said matter shall be reset for his second appearance not less than thirty (30) days thereafter.

(4) At the second appearance if private counsel has been retained, said cause shall proceed as contemplated in the preceding paragraph. In the event the individual has not secured private counsel, pro bono counsel will be assigned to represent said individual provided, however, that if said individual with a full understanding of his right to have said pro bono counsel assigned to him declines said representation, said refusal to accept such pro bono representation shall serve as good cause for said hearing, as it pertains to said individual, proceeding in accordance with law.

(5) It is the intent of this Order that each individual has the right, after being fully advised of his right to secure private counsel or have assigned pro bono representation, to freely and voluntarily waive said rights provided that the same is done under oath before the Immigration Judge and that said individual is informed of and determined that he understands his rights to privately retained counsel or have pro bono counsel assigned to represent him and said Immigration Judge should further determine that any decision to give up such right is voluntary and not the result of any force, threats or promises. It is further understood that if the individual member of the class appears at the first appearance without counsel and does not knowingly, intelligently and voluntarily waive his right to counsel, that he will be entitled to the continuance of not less than thirty (30) days contemplated for the second appearance.

The Court is specifically continuing to reserve on the Government's motion to vacate the injunction relative to the proceeding of exclusionary hearings regardless of representation of counsel as a direct result of the appearance before this Court of representatives of the American Bar Association, the national and local chapters of the American Immigration Lawyers' Association, the Lawyers' Committee for International Human Rights and the Dade County Bar Association. It is the view of this Court that based on the specific representations made by these organizations and on the additional representations of several of the voluntary agencies that likewise appeared before this Court indicating their ability to obtain attorneys for unrepresented Haitians, that the effort to secure pro bono representation for all of the individual members of the class desiring the same should be attempted. It is the further view of the Court that the representation of Plaintiffs' counsel to this Court of assisting in coordination of this effort should be honored by this Court in the hope of its ultimate success.[5] It is the intent of this Court, therefore, that the injunction heretofore issued by the predecessor Judge will remain in effect regardless of whether or not Plaintiffs are in detention until ninety (90) days after the entry of this Final Judgment at which time the same will be dissolved.

---

5. Private or pro bono counsel accepting responsibility of representing class members must do so with the understanding and realization that by undertaking that responsibility they are impliedly representing that they are capable of presenting the alien's claim for admission within a reasonable period of time as contemplated by this Order.

G.   Release of the individual members of this class is ORDERED for the full period of legal process and that entry of an order of exclusion in and of itself will not be a ground to revoke said parole.   An inexcusable failure to personally appear for proceedings before the Immigration and Naturalization Service or any other proceeding in which the attendance of the individual is required or an inexcusable failure to report on a weekly basis resulting in a negative report to INS as set forth above, will be grounds for parole revocation.   All other grounds heretofore existing under existing law will likewise serve as a ground for parole revocation.[6]

H.   The voluntary agencies participating in this program will, to the extent possible, locate members outside of Dade County and the State of Florida while taking into consideration the Dade County pro bono program, the availability of other counsel and individual sponsors related to said aliens.

6.   The motion of the Haitian Refugee Center, Inc. to enlarge the class to include all Haitians in detention for whom a G–28 has been filed on behalf of said Plaintiffs be and the same is hereby GRANTED with the understanding and representation of counsel for the Plaintiffs that privately retained or pro bono counsel will be secured so as to afford fair representation of said individuals to be heard within the reasonable period contemplated by this Order, said individuals be and they are hereby included within said class and are bound by the full effects of this Court's opinion of June 18, 1982 and the provisions of this Final Judgment.

7.   That this Court does herewith vacate any interlocutory orders entered by this Court or by the predecessor Judge and does herewith specifically relinquish jurisdiction over the members of said class to the extent that the same is not hereafter specifically retained by this Court.[7]

8.   That this Court does herewith specifically retain jurisdiction over the parties and the subject matter on (a) Defendants' motion to vacate this Court's Order enjoining the exclusionary hearings relative to members of the class who are not represented by either private or pro bono counsel; (b) this Court's Order of February 8, 1982 as the same pertains to the pro bono program of the Dade County Bar Association; (c) Plaintiffs' motion ordering the granting of relief to individual members of the class who have heretofore escaped from detention to be entitled to the benefits of this Court's opinion of June 18, 1982 and this Court's Final Judgment; (d) enforcement of the terms and conditions of this Final Judgment; and (e) the Plaintiffs' motion for award of attorneys' fees and all costs with the understanding that this retention of jurisdiction as to that issue is not a determination of the merits of the entitlement of the Plaintiffs to either attorneys' fees or costs.[8, 9]

6.   This Order shall not be construed to remove from the District Director the power granted to him by the regulations to, in his discretion, revoke the parole of any of the Plaintiffs herein.   Hopefully, the District Director's power in this regard will be sparingly, judiciously and reasonably exercised.   To the extent it is so exercised, the Court retains jurisdiction to review said revocation with regard to these class members and, if necessary, to appoint Special Masters in various locations throughout the United States to conduct such a review based on fact finding authority and to report to the Court.

7.   By this ruling, the Court intends to relieve itself of jurisdiction over all exclusion hearings involving class members that go forward outside of this District.   The individual aliens should seek such administrative or judicial relief as is available to them by statute in the appropriate INS office or federal district court.   It is not the Court's intent to vacate any Orders heretofore entered either granting or denying motions to dismiss.

8.   As to the members of the class in detention as of the date of this Order, it is ordered that their parole status will be governed by this Final Judgment and not by any subsequent rule hereafter adopted.

9.   To the extent that this Court does herewith reserve jurisdiction on the ore tenus motions for reconsideration of this Court's Order of Dismissal and for motions to amend the class to include individuals heretofore represented by counsel, this is a partial Final Judgment, said issues to be dealt with by a supplemental order and to the extent that paragraphs 7 and 8 hereof require the same, the Court does in fact

retain jurisdiction for the purposes of entering such supplemental order.