**Lucien LOUIS, et al., Plaintiffs,**

v.

**Alan C. NELSON, et al., Defendants.**

**No. 81–1260–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

April 14, 1983.

See also 544 F.Supp. 1004.

Ira Kurzban, Miami, Fla., for plaintiffs.

Leon Kellner, Asst. U.S. Atty., Miami, Fla., Robert L. Bombaugh, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO PAROLE CLASS MEMBERS WHO ESCAPED DETENTION

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Plaintiffs' motion to have the Court extend the benefits of the Court's Final Judgment to those class members who escaped from detention prior to the entry of the Court's Final Judgment. This group of class members includes those who are still at large and those who have been detained again upon their apprehension by the Immigration and Naturalization Service authorities.

Plaintiffs maintain that since the escaped class members' rights were subject to the Court's adjudication for res judicata purposes, said members should be entitled to all of the benefits granted to the entire class. Plaintiffs specifically request the Court to order the parole of the escaped class members currently detained or those who will be detained upon apprehension.

Defendants agree that the escaped aliens are class members. Defendants contend that these class members, if and when apprehended, should be returned to detention. According to the Defendants, the question of whether or not to parole these class members should be handled on a case by case basis by the District Director applying the factors traditionally utilized in determining eligibility for parole.

The Court having heard from the parties, having reviewed the record in this cause and being otherwise duly advised, it is hereby,

ORDERED AND ADJUDGED that Plaintiffs' motion is DENIED.

In the Final Judgment, this Court stated that "the policy regarding parole, that was used prior to May 20, 1981, is in full force and effect." *Louis v. Nelson,* 544 F.Supp. 1004, 1006 (S.D.Fla.1982). The prior policy allowed the District Director to deny parole if it was determined that the individual was likely to abscond or that he/she represented a security risk. 8 U.S.C. 1182(d)(5) as amended pursuant to Section 203(f), Refugee Act of 1980, P.L. 96–212, 94 Stat. 107. See generally C. Gordon and H. Rosenfield, Immigration Law and Procedure, § 2.54. Applying the old standard to the class members *who were still in detention,* the Court indicated that there was nothing in the record to indicate that said class members were likely to abscond or that they represented a security risk. *Louis v. Nelson,* 544 F.Supp. at 1006.

It was never the intention of the Court to allow the parole of class members who demonstrated a proclivity to abscond or who represented a security risk. The Court did not intend to remove from the District Director the power granted to him by the regulations to decide the parole requests of

the individuals who had escaped from detention.

■ The Court believes that this issue should not be treated differently than similar circumstances in cases where detainees or prisoners have escaped from their confinement. It is settled law that "[i]f an individual is in custody under process issued pursuant to the laws of the United States, he cannot test the underlying validity or propriety of his confinement by escaping from it", *United States v. Cluck*, 542 F.2d 728, 732, *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 597 (1976) even if it is later shown that the detention was unlawful at the time of the escape. *Mullican v. United States*, 252 F.2d 398, 403–402 (5th Cir.1958).

The Court is not currently presented with the issue of whether the escaped class members violated any federal law in effecting their escape or whether valid defenses to the escapes exist. However, in reaching this decision, the Court is mindful of the aforementioned legal principles and will not parole these class members based on an equitable argument that runs counter to well-established legal principles.

■ The Court believes that whether or not the escaped class members should be granted parole is a matter which should be left to the discretion of the District Director. Such determination should be made on a case by case basis applying the traditional standards utilized in making such determinations.

Any escaped class members who are granted parole after a review of their cases by the District Director shall be integrated into the reporting system as outlined in the Final Judgment and shall be entitled to all benefits accruing thereunder.