**Lucien LOUIS, et al., Plaintiffs,**

v.

**Alan C. NELSON, et al., Defendants.**

**No. 81–1260–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 15, 1983.

Ira J. Kurzban, Michael J. Rosen, Miami, Fla., Bruce J. Winick, Coral Gables, Fla., Joyce S. Wilkerson, Philadelphia, Pa., for plaintiffs.

Charles E. Hamilton, III, Washington, D.C., for defendants.

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS TO ENJOIN EXCLUSION PROCEEDINGS FOR AND DEPORTATION OF CLASS MEMBERS AND GRANTING PLAINTIFFS' MOTION FOR 72 HOURS NOTICE PRIOR TO EFFECTING PHYSICAL DEPORTATION

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Plaintiffs' motions to enjoin exclusion hear-

ings on behalf of seventeen class members, to enjoin deportation of all class members and to require Defendants to notify counsel for Plaintiffs at least 72 hours prior to effecting physical deportation of any class member. Having reviewed the record in this cause and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED as follows:

The motions to enjoin exclusion hearings and deportation of class members rely primarily on the Eleventh Circuit's recent ruling in *Jean v. Nelson,* 711 F.2d 1455 (11th Cir.1983). The panel decision in *Jean* affirmed in part, reversed in part and remanded in part this Court's decision in *Louis v. Nelson,* 544 F.Supp. 973 (S.D.Fla. 1982). In doing so, the Court held *inter alia* that Plaintiffs have "at a minimum a constitutionally protected right to petition our government for political asylum." *Jean, supra,* 711 F.2d at 1507 *quoting HRC v. Smith,* 676 F.2d at 1038. Plaintiffs claim that because they were not notified of their right to claim asylum to the district director, as opposed to claiming asylum before the Immigration Judge in an exclusion proceeding, the exclusion hearings should be stopped and/or voided until after the district director rules on each of the Plaintiffs' individual asylum requests. Furthermore, Plaintiffs assert that until this procedure is ratified or rejected on appeal, deportation of class members should be enjoined.

Subsequent to the filing of Plaintiffs' motions, the Eleventh Circuit granted Defendant's Petition for Rehearing and Suggestion for Rehearing *En Banc. See Order* dated August 16, 1983. "[T]he effect of granting a rehearing en banc is to vacate the panel opinion and stay the mandate." *See Rules of the United States Court of Appeals for the Eleventh Circuit* 26(k) (January 1, 1983). Thus, this Court's Final Judgment dated June 29, 1982 is still in full force and effect. *See Louis v. Nelson,* 544 F.Supp. 1004 (S.D.Fla.1982).

It is the view of the Court that the exclusion hearings for and deportation of class members should not be enjoined. This Court has found on a previous occasion that the failure to give an alien notice of his right to claim asylum is a claim of error that can be raised before the Board of Immigration Appeals (BIA) and before the district court in a habeas corpus action pursuant to 8 U.S.C. § 1105a(b). *See Louis v. Meissner,* 532 F.Supp. 881 (S.D.Fla.1982). On the basis of the Court's reading of Congress' intent in enacting 8 U.S.C. § 1105a(b), the Court dismissed Plaintiffs' notice claim on exhaustion grounds without reaching the issue of whether there was a constitutionally protected right to notice of the asylum process. Indeed, this view is now supported by the Supreme Court's recent decision in *Immigration and Naturalization Service v. Chadha,* —— U.S. ——, 103 S.Ct. 2764, 2777, 77 L.Ed.2d 317 (1983) wherein the Court stated "that the term 'final orders' in § 106(a) 'includes all matters on which the validity of the final order is contingent, rather than only those determinations actually made at the hearing.' " (Citation omitted). Thus, it appears to this Court that if a final order of exclusion is entered against a class member who claims that he was never given notice of his right to claim asylum, that matter can be brought before a district court judge in a habeas corpus proceeding or in an action for declaratory judgment under the Administrative Procedures Act.[1] It will then be left to the considered judgment of the respective district judges whether on the basis of the facts before him, the writ should be issued.

Assuming *arguendo* that there is a constitutionally protected right to notice of the asylum process and that Plaintiffs were not advised of this right, as the panel in *Jean, supra,* found, this fact does not mandate enjoining and/or voiding the exclusion pro-

---

1. The Government conceded in their briefs before the Court that the question of notice of the right to claim asylum merges with a final order of exclusion and is reviewable in a habeas ac-
tion pursuant to 8 U.S.C. § 1105a(b). Thus, they cannot now argue that this issue is not reviewable in habeas actions involving class members.

ceedings that have been held thus far. It is the view of the Court that if notice is not given *and* that failure inures to the prejudice of the alien, a claim before the district director can be initiated subsequent to or simultaneously with the proceedings before the immigration judge. Such further proceedings before the district director could be mandated by a district judge when ruling on a habeas petition.

For the reasons set forth above, Plaintiffs have failed to establish that the class will be irreparably harmed if the exclusion proceedings and deportations are not enjoined. Plaintiffs' argument that they will be irreparably harmed if they are excluded and deported without being given notice of their right to claim asylum to the district. director misses the point. Plaintiffs have not established that if there is a constitutionally protected right to notice of the right to claim asylum and if that notice is not given, said failure constitutes prejudicial error to an alien who raises an asylum claim before an immigration judge. Finally, assuming *arguendo* that the failure to give notice constitutes error of a constitutional magnitude, Plaintiffs have not shown this Court why this error cannot be cured by a simultaneous or subsequent application for asylum to the district director.

It is also the view of the Court that enjoining exclusion hearings for and deportation of class members is harmful to Defendants and not in the public interest. Defendants are charged with enforcing the immigration laws of this country. The record in this case establishes that many of the Plaintiffs come to this country without proper documentation and without screening through the qualitative and quantitative immigration procedure established by Congress. It is not in the public interest to enjoin exclusion hearings in which these aliens' claims of entitlement to remain in the United States are resolved and such an injunction undoubtedly harms Defendants'

efforts to enforce this nation's immigration laws.[2] *See HRC v. Smith,* 676 F.2d 1023, 1029 n. 11 (5th Cir.1982). Nor is it in the public interest to enjoin, pending resolution of all appeals, deportation of those Plaintiffs whose claim to entitlement to remain in the United States had been found to be without merit. The propriety of any final orders of exclusion against Plaintiffs can be tested in habeas corpus proceedings and, therefore, enjoining deportations on a class wide basis is unnecessary.

However, in order to ensure that habeas corpus review is available, it is necessary that counsel for Plaintiffs be advised 72 hours prior to effecting deportation of any class member.

Finally, the Court intimates no view on the likelihood that Plaintiffs will succeed on the merits of their appeal regarding the right to notice of the right to claim asylum. It is the view of the Court, however, that even if such a right were ultimately found to exist and even if Plaintiffs were not informed of this right to claim asylum to the district director, it is unlikely that on appeal the Court would find that this error requires voiding or terminating all exclusion hearings and starting anew with asylum applications to the district director followed by possible judicial review and then initiating exclusion proceedings with the attendant administrative and judicial review thereafter.

For the reasons set forth above, Plaintiffs' motion to enjoin exclusion proceedings on behalf of seventeen class members is hereby DENIED. Plaintiffs' motion to enjoin deportation of any class members pending conclusion of the appeals in this case is DENIED, however, the effective date of this denial is stayed until noon September 23, 1983 to allow Plaintiffs to seek review thereof. Plaintiffs' motion for an order requiring 72 hours notice prior to effecting physical deportation of any class member is

---

**2.** At the suggestion of the Attorney General of the United States, which this Court embraced, a massive pro bono program was embarked upon by the Dade County Bar Association. That program has now been expanded nation-

wide. To issue such an injunction at this time would have a chilling effect on the successful efforts that have been achieved in the pro bono representation of Haitians in exclusionary proceedings.

GRANTED. Defendants shall provide notice of their intent to deport a class member to Ira Kurzban, Esq., counsel for Plaintiffs, in writing, 72 hours prior to effecting physical deportation of any class member. The parties may, by stipulation, develop a system for providing notice that is mutually convenient and minimizes the administrative burdens on both sides, said stipulation shall be forwarded to the Court for approval and enforcement purposes.