**Marie Lucie JEAN, et al.,
Plaintiffs–Appellees,**

v.

**Alan NELSON, et al.,
Defendants–Appellants.**

No. 87–5582.

United States Court of Appeals,
Eleventh Circuit.

Sept. 2, 1988.

Michael P. Lindemann, Attorney, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Michael Jay Singer, U.S. Department of Justice, Civ. Div., Appellate Staff, Mary K. Doyle, Washington, D.C., for defendants-appellants.

Ira J. Kurzban, Kurzban and Kurzban, Vera A. Weisz, Haitian Refugee Center, Inc., Steven D. Forester, Miami, Fla., Robert E. Juceam, Fried, Frank, Harris, Shriver & Jacobson, Terrence A. Corrigan, Sandra M. Lipsman, New York City, for plaintiffs-appellees.

Before HILL and EDMONDSON, Circuit Judges, and WISDOM *, Senior Circuit Judge.

HILL, Circuit Judge:

This appeal involves the continued enforcement by the district court of an injunction which prevents the government from maintaining exclusion proceedings against unrepresented Haitian aliens and pursuant to which a system for the provision of counsel to those aliens has been established. We hold that the continued enforcement of this injunction violates this court's previous mandate and must be terminated.

## I. FACTS

This case has an extensive legal and political background which we need not review for purposes of this appeal.[1] Instead, in this appeal we focus largely upon the procedural history of the case. The plaintiffs, a group of detained Haitian aliens, brought this class action in 1981 challenging the revised parole policy of the Immigration and Naturalization Service (INS) which was instituted in 1981 in response to a large influx of Haitian aliens. Prior to 1981, the majority of Haitians were paroled pending exclusion proceedings. Pursuant to the new policy, however, Haitians and other aliens were detained pending exclusion proceedings.

The plaintiffs filed a broad-based complaint asserting the following seven causes of action:

(1) that the Defendant officials of INS District VI and their employees conducted preliminary interviews with Petitioners and Plaintiffs in which the refugees were compelled to appear in person before INS representatives without being permitted to be accompanied, represented, and advised by counsel, and without being advised of their right to do so, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b); (2) that on or about May 20, 1981, Defendants changed their prior policy with respect to the parole and detention of Haitian refugees arriving after that date, the order in which such refugees would be subjected to exclusion proceedings, and the manner in which such proceedings would be conducted, a change in policy which is unlawful since not accomplished in accord-

---

* Honorable John Minor Wisdom Senior Circuit Judge for the Fifth Circuit, sitting by designation.

1. The background of this case is discussed thoroughly in Judge Spellman's opinion issued after trial in the district court. *See Louis v. Nelson,* 544 F.Supp. 973 (S.D.Fla.1982).

ance with the rulemaking requirements of the APA, 5 U.S.C. § 553; (3) that Defendants failed to provide Petitioners with adequate notice of their right to counsel at exclusion hearings and of their right to a hearing on which they would have a reasonable opportunity to present evidence, to examine and object to evidence, and to cross-examine witnesses against them, failed to give Petitioners written notice of the purposes for their detention and hearing, and on information and belief, threaten not to provide such notice to plaintiffs when and as they are subjected to exclusion proceedings, all in violation of INS Operations Instructions, 8 C.F.R. § 235.6(a) (1981), Section 292 of the Immigration and Nationality Act, 8 U.S.C. § 1362, the Due Process Clause of the Fifth Amendment, and the United Nations Convention and Protocol Relating to the Status of Refugees ("Protocol"); (4) that Defendants denied Petitioners, and on information and belief threaten to deny Plaintiffs, access to counsel in connection with their exclusion proceedings, in violation of INS Operations Instructions and Regulations, 8 C.F.R. § 236.2(b) (1981), Section 292, of the Immigration and Nationality Act, 8 U.S.C. § 1362, the Due Process Clause of the Fifth Amendment, the First Amendment, and the Protocol, and in violation of Plaintiff HAITIAN REFUGEE CENTER, INC.'s rights under the First Amendment; (5) that Defendants denied Petitioners, and on information and belief threaten to deny Plaintiffs, their right to a public exclusion hearing, in violation of INS Operations Instructions and Regulations, 8 C.F.R. § 236.2(a) (1981), the Due Process Clause of the Fifth Amendment and the Protocol, or in the alternative, that Defendants denied Petitioners, and on information and belief threaten to deny Plaintiffs, their right to a private hearing under said regulations; (6) that Defendants denied Petitioners, and on information and belief threaten to deny Plaintiffs, their right to apply for political asylum in violation of INS Operations Instructions and Regulations, 8 C.F.R. § 236.2(a)

(1981), Section 208 of the Immigration Act, 8 U.S.C. § 1158, and the Protocol, and denied Petitioners and on information and belief threaten to deny Plaintiffs their right to notice of their right to seek political asylum in violation of the Protocol, the Due Process Clause of the Fifth Amendment, 8 C.F.R. § 208.1 *et seq.,* 8 C.F.R. § 236.3, Section 208 of the Immigration Act, 8 U.S.C. § 1158, INS Operations Instructions, and (7) that Defendants have applied a double standard regarding the exclusion of aliens, subjecting Haitian refugees but no other refugee groups to the above policies and procedures, resulting in discrimination and threatened discrimination based on race and national origin in violation of the Equal Protection requirements of the Due Process Clause of the Fifth Amendment and the Protocol.

*Louis v. Meissner,* 532 F.Supp. 881, 883–84 (S.D.Fla.1982).

The first action taken by the district court was to issue a temporary restraining order (TRO) which was subsequently converted into a preliminary injunction. *See Louis v. Meissner,* 530 F.Supp. 924 (S.D. Fla.1981). Focusing on the issues of access to counsel and adequate notice, the court enjoined the INS from commencing or continuing exclusion proceedings against unrepresented Haitian aliens who were being detained. *Id.* at 930. The court expressly did *not* consider the issue of the new detention versus parole policy in granting this relief. *See id.* at 928.

The district court then turned to the consideration of the defendants' motion to dismiss. Prior to trial the district court, for a variety of reasons, completely dismissed counts one, three, five and six and partially dismissed counts four and seven. *See Louis,* 532 F.Supp. at 888–89. This left two issues for trial: (1) whether the plaintiffs' detention rather than parole was in violation of the APA or the equal protection component of the Fifth Amendment; and (2) whether the Haitian Refugee Center's First Amendment rights were violated by restrictions on its members' access to the plaintiff aliens. *See Jean v. Nelson,*

727 F.2d 957, 983 (11th Cir.1984) (en banc); *Louis,* 544 F.Supp. at 983 n. 25; *Louis,* 532 F.Supp. at 888–89.

Following the trial, the district court entered judgment for the plaintiffs on the APA claim (count two), finding that the policy of detention was actually a rule which was improperly promulgated. Based upon this judgment, the court ordered the plaintiffs released from detention. *Louis v. Nelson,* 544 F.Supp. 1004, 1006 (S.D.Fla. 1982). The court entered judgment in favor of the defendants on the equal protection claim, finding that there was insufficient evidence of intentional discrimination. *See id.; Louis,* 544 F.Supp. at 1001–02. Finally, given that the plaintiffs were ordered released, the court dismissed the First Amendment access claim as moot. *Louis,* 544 F.Supp. at 1005 n. 2.

The parties appealed the district court's judgment to this court. Following a panel decision, this court took the case en banc and held as follows: (1) the APA claim is moot because the plaintiffs who were detained pursuant to the improperly promulgated policy or rule have been released from detention, and a new rule has now been promulgated in a presumptively proper fashion; (2) the equal protection claim must be remanded for consideration of whether low-level INS officials discriminated against the plaintiff in violation of neutral instructions from their superiors; (3) the claim regarding notice of the right to apply for asylum should not have been dismissed as barred, but on the merits the plaintiffs' claim fails; and (4) the First Amendment access claim is not moot because certain aliens remain in detention either under the newly promulgated rule or because they violated the conditions of their court ordered release. *Jean,* 727 F.2d at 984. The court remanded "with instructions that the injunctive relief grounded on the claimed APA violation be vacated." *Id.* The mandate was issue by this court on May 4, 1984.

The Supreme Court then granted the plaintiffs' petition for a writ of certiorari on the equal protection claim. *Jean v. Nelson,* 469 U.S. 1071, 105 S.Ct. 563, 83 L.Ed. 2d 504 (1984). The Court affirmed the judgment of this court, but found that this court need not have addressed the constitutional aspect of the discrimination claim because the narrower question of whether low-level INS officials violated neutral instructions from above was decisive. *Jean v. Nelson,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985). Given the narrow scope of the Supreme Court's review, and the fact that the Court affirmed this court's en banc judgment, the mandate that the district court vacate the relief grounded on the APA claim remained in full force.

On remand, the district court issued an order stating the following:

> the Court recognizes the Supreme Court's Order on Mandate but maintains that it does not disturb the various programs and mechanisms that have been put in place through the valiant efforts of many individuals and organizations. Individuals remain free to bring their claims if and when the need actually arises. In all other respects, the various provisions of the Final Judgment's injunctive relief continues to be in effect.

(R9–663–2) Subsequently, the defendants moved for complete vacation of the injunctive relief in accordance with this court's mandate. On May 7, 1987, the district court vacated certain reporting requirements, but left the injunctive relief otherwise intact. It is from that order which the defendants now appeal to this court.

## II. DISCUSSION

The defendants argue that the only grounds for the injunctive relief granted by the district court, including the injunction against maintaining exclusion proceedings against unrepresented aliens, was the APA claim. Because this court ordered that the relief grounded on that claim be vacated, the defendants assert that all of the injunctive relief must be vacated. The plaintiffs argue that the injunctive relief which began as a temporary restraining order was not grounded on the APA claim and therefore need not be vacated. Alternatively, the plaintiffs assert that this court did not consider the portion of the injunction con-

cerning representation for aliens in exclusion proceedings and that the mandate therefore does not affect that portion of the relief. We conclude that the entire injunction must be vacated.

We agree with the plaintiffs that the relief relating to representation of aliens was not initially grounded on the APA claim when it was first granted in the form of a TRO and preliminary injunction. As we noted above, in granting that relief the court did not consider the new detention versus parole policy which is the basis of the APA claim and the equal protection claim. *See Louis*, 530 F.Supp. at 928. Instead, the court focused on the claims relating to denial of access to counsel and the inadequacy of the notice given to the aliens. *See id.* at 926–28. Thus, the plaintiffs are correct that at its inception this relief was not based upon the APA claim.

As our summary of the proceedings reveals, however, the grounds for the injunction changed. Prior to trial, the claims which the district court had focused on in granting the TRO and preliminary injunction were dismissed. *See Louis* 532 F.Supp. at 888–89. Thus, those claims could no longer support the injunctive relief which the court had granted, and the grounds for the relief unavoidably shifted. The case went to trial on only three claims: the APA claim, the equal protection claim, and the First Amendment access claim. Only those claims could have supported the continued imposition of injunctive relief while the case was tried. After trial, the court entered judgment for the plaintiffs only on the APA claim. The court entered judgment for the defendants on the equal protection claim and dismissed the First Amendment claim as moot. Thus, the only available grounds for the injunctive relief granted by the district court in its final judgment was the APA claim. Moreover,

the organization and structure of the final judgment reveals that the relief regarding representation of aliens in exclusion proceedings was tied to the implementation of the judgment entered on the APA claim. *See Louis*, 544 F.Supp. at 1006–08.[2]

This court's mandate on the APA claim was clear: "we dismiss that part of the appeal and remand with instructions that the injunctive relief grounded on the claimed APA violation be vacated." *Jean*, 727 F.2d at 984. Moreover, that mandate was unaffected by the Supreme Court's opinion and order. Given that the injunction restraining the INS from commencing exclusion proceedings against unrepresented aliens was necessarily grounded on the APA claim, this court's mandate requires that that injunction be vacated. We therefore reverse the judgment of the district court and remand with instructions to vacate the injunctive relief.

## III. CONCLUSION

Nothing in today's opinion is intended to hinder in any way the laudable efforts of the various groups and individuals that have worked to provide representation for aliens in exclusion proceedings. Despite the fact that the injunction entered in this case must be vacated, the government remains obligated to honor the right of aliens to be represented in such proceedings and the government may not interfere with the efforts of counsel to provide such representation. Indeed, INS regulations require the Immigration Judge to undertake the following at the outset of exclusion proceedings:

> advise [the alien] of the privilege of being represented by an attorney of his own choice at no expense to the Government, and of the availability of free legal services programs qualified under Part

---

**2.** While it is likely that the final judgment converted the preliminary injunction into a permanent injunction, it is unclear whether the final judgment actually dissolved the preliminary injunction or simply modified the manner of enforcing it. The court expressly reserved ruling on a motion to vacate the injunction enjoining exclusionary hearings against the unrepresented Haitians, but also stated that the original injunction would be dissolved 90 days after the final judgment was entered. *See Louis*, 544 F.Supp. at 1008. No separate order was entered subsequently to dissolve the original injunction. This discrepancy is of little moment, however, because the grounds available to support the injunction were the same whether the injunction was entered anew or simply maintained by the final judgment.

292a of this chapter and organizations recognized pursuant to § 292.2, of this chapter located in the district where his exclusion hearing is to be held; and shall ascertain that the applicant has received a list of such programs; and request him to ascertain then and there whether he desires representation....

8 C.F.R. § 236.2(a). We fully expect that the government will see that this obligation is fulfilled and that it will respect the right of aliens to have representation. Vacation of the injunction in this case does not alter these obligations.

For the foregoing reasons, the judgment of the district court is REVERSED and the case is REMANDED with instructions that the injunctive relief entered in favor of the plaintiffs be vacated.