**In the Matter of the Fee Agreement of Kenneth B. MASON, Jr., in Case Number 90–920.**

**No. 96–1663.**

United States Court of Veterans Appeals.

Oct. 16, 1998.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

## ORDER

PER CURIAM:

On December 10, 1996, the appellant filed a Notice of Appeal as to an August 12, 1996, decision of the Board of Veterans' Appeals, and that case is currently pending before the Court. On August 11, 1997, the appellant entered into a fee agreement with his counsel, Kenneth M. Carpenter. This order relates to a sua sponte review of that fee agreement by the Court pursuant to 38 U.S.C. § 7263(d). *See Wingo v. West,* 11 Vet.App. 307, 312 (1998); *Gaines v. West,* 11 Vet.App. 113, 114 (1998) (per curiam order); *Shaw v. Gober,* 10 Vet.App. 498, 502 (1997).

■ The fee agreement, filed on October 2, 1997, stated that the client "shall execute any and all documents necessary" to allow the attorney to receive payment of fees awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Fee Agreement at 2. In *Shaw,* the Court, after

the fee agreement in this case had been filed, found " 'unreasonable' on its face under 7263(d) because it conflicts with section 2412(d)(1)" and declared unenforceable a provision requiring the client in *Shaw* to execute "any and all" EAJA documents. The Court held that "the law gives the EAJA cause of action and standing to the client ... and the attorney cannot amend the law by bestowing such standing on the attorney". *Shaw,* 10 Vet.App. at 506; *see also Oguachuba v. INS,* 706 F.2d 93, 97–98 (2d Cir.1983) ("Whether an award of attorney fees under the [EAJA] ultimately rebounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client.... [But] counsel has no standing to apply to the public fisc for payment."). The Court thus holds such provision in the instant fee agreement unreasonable under section 7263(d) and thus unenforceable.

 In that same vein, the fee agreement in the instant case provided "that it is the Attorney's judgment as to whether to pursue the submission of an application for an award of EAJA" fees. Fee Agreement at 2. Because this provision also conflicts with section 2412(d), it is "unreasonable" under section 7263(d) and thus unenforceable. *See Shaw, supra; see also Similes v. West,* 11 Vet.App. 115, 118 (1998) ("because an EAJA claim belongs to the appellant, control of an EAJA litigation may not be ceded to an attorney").

 The Court also finds "unreasonable" on its face the fee agreement provision that stated: "There shall be no reimbursement to the Client for costs or expenses advanced by the Client if the EAJA settlement is less than the full amount requested in the EAJA application," Fee Agreement at 2. *See Shaw,* 10 Vet.App. at 505 (provision precluding reimbursement of costs and expenses to client when EAJA settlement is less than full amount constitutes "double dipping" contrary to law and therefore "unreasonable"), 506; *see also Wingo,* 11 Vet.App. at 312–13; *Gaines, supra.* For the same reason, the Court also finds unreasonable the concluding phrase of the preceding sentence (emphasized here) that provided that if "Client advances costs and expenses in connection with the appeal to the U.S. Court of Veterans Appeals, reimbursement to the Client for costs and expenses advanced will be made at the time Attorney receives the EAJA award *if EAJA settlement is for the full amount requested in the EAJA application* ". Fee Agreement at 2 (emphasis added). *See Shaw, supra; cf. Curtis v. Brown,* 8 Vet.App. 104, 108 (1995) (where attorney was paid under fee agreement, EAJA fees awarded go first to reimburse appellant for fees already paid to attorney). The basic point evolving from *Shaw* and *Curtis* is that EAJA reimbursements for costs and expenses must not be used as supplements to or substitutes for EAJA fees denied but must, rather, be used to offset any amount paid or owed by the client to the attorney to reimburse for such costs and expenses. Accordingly, these two provisions are also unenforceable.

On consideration of the foregoing, it is

ORDERED that, not later than 15 days after the date of this order, the appellant file an amended fee agreement that complies with this order and the rule articulated in *Shaw, supra.* It is further

ORDERED that this case be held in abeyance pending receipt of the revised fee agreement, except as to the parties' responses to the separate order issued this date for supplemental briefing by the parties.