James F. FRITZ, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 97–2323.

United States Court of Appeals for Veterans Claims.

Nov. 23, 1999.

Kenneth M. Carpenter was on the pleadings for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; and Michael A. Leonard, Deputy Assistant General Counsel, were on the pleading for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

STEINBERG, Judge:

This fee-agreement matter is before the Court as part of an application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). For the reasons that follow, the Court will hold the matter in abeyance and order the appellant to file a verification of his approval of the submission of the instant EAJA application.

## I.  Relevant Background

On December 30, 1997, the appellant, veteran James F. Fritz, appealed pro se a September 22, 1997, decision of the Board

of Veterans' Appeals (BVA or Board) that denied a claim for Department of Veterans Affairs (VA) service connection for peptic ulcer disease. Record (R.) at 1. On February 20, 1998, the appellant's counsel, Kenneth M. Carpenter, filed with the Court a fee agreement. On September 8, 1998, the appellant filed through counsel a brief on the merits of the case. On November 5, 1998, the parties filed a joint motion for remand. On November 10, 1998, the Court issued an order granting that motion and vacating that BVA decision and remanding the matter for readjudication. The Court order declared that it constituted the entry of the Court's mandate and that any application for EAJA fees and expenses would be due within 30 days after that order.

On December 7, 1998, the appellant's attorney timely filed the EAJA application for $4,509.36 in attorney fees and $30.40 in expenses, for a total of $4,539.76. On December 17, 1998, the Secretary filed a response in which he conceded that his position in this case was not substantially justified, and he did not contest the application. On December 22, 1998, the Court, through the Clerk of the Court, ordered that the application be held in abeyance; that the appellant's attorney either show cause why the fee agreement should not be found unreasonable or file an amended agreement; and that the proceedings on the application be stayed pending further order of the Court. The Court order stated:

> Pursuant to statute and the Court's case law, EAJA fees awarded, where the appellant has already paid a fee to the attorney under a fee agreement, go first to reimburse the appellant the amount paid to the attorney. *See Shaw v. Gober*, 10 Vet.App. 498, 503 (1997); *Curtis v. Brown*, 8 Vet.App. 104, 108–[09] (1995). Further, fee agreement provisions have been found unreasonable on their face where they have: 1) required generally that a contingent fee payment paid to the attorney out of past-due benefits as

compensation for postremand work will not be offset by an EAJA award for representation before the Court; 2) precluded reimbursement to the appellant for costs or expenses advanced by the appellant if the EAJA payment is less than the full amount requested in the EAJA application; and 3) transferred to the attorney control over the prosecution of the EAJA litigation. *See* 28 U.S.C. § 2412(d); Federal Courts Administration Act, Pub.L. No. 102–572, § 506(c), 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note); *In re Fee Agreement of Mason*, [11 Vet.App. 514, 515–16 (1998) (per curiam order) (*Fee Agreement of Mason*) ]; *Shaw*, 10 Vet.App. at 503–06; *Curtis*, 8 Vet.App. at 108–09.

*Fritz v. West*, U.S. Vet.App. No. 97–2323, order at 1 (order Dec. 22, 1998). On January 11, 1999, the attorney responded. On April 29, 1999, the Court ordered the Secretary to reply to the attorney's response. The Secretary filed a response to that order on July 6, 1999. On July 21, 1999, the Secretary filed a pleading correcting errors in his response.

## II. Analysis

### A. Fee Agreement

The attorney argues that the Court does not have jurisdiction to review the fee agreement in this case. Response (Resp.) at 10–14. He specifically contends that the only jurisdiction vested in the Court pursuant to 38 U.S.C. § 7263(c) and (d) is to review the reasonableness of an attorney fee and to reduce that fee if it is found unreasonable. Resp. at 11. He also seems to assert that the Court does not have jurisdiction under 38 U.S.C. § 7252 to review for any purpose a fee agreement unless the Court has pending before it for review a BVA decision either on the merits of the case or on the fee agreement itself. Resp. at 11–12. For the reasons that follow, we reject those contentions.

■ This Court has held that, pursuant to 38 U.S.C. § 7263(c) and (d), "[a] fee agreement may be reviewed by this Court in the context of an EAJA application" that is pending before the Court. *Carpenter (Angeline) v. West*, 12 Vet.App. 52, 53 (1998) (citing *Shaw*, 10 Vet.App. at 502 (where Court, at EAJA stage pursuant to 28 U.S.C. § 2412(d), conducted sua sponte review of EAJA-related fee-agreement issues pursuant to 38 U.S.C. § 7263(c) and (d))); *see* 38 U.S.C. § 7263(c); *cf. In the Matter of the Fee Agreement of Bates*, 10 Vet.App. 547 (1997) (dismissing petition as to fee-agreement matter where EAJA application had been dismissed based on parties' joint motion after negotiated settlement was reached). According to *Tobler v. Derwinski*, "a decision of this Court, unless or until overturned by this Court *en banc*, ... the Federal Circuit, or the Supreme Court, is a decision of the Court on the date it is issued; any rulings, interpretations, or conclusions of law contained in such a decision are authoritative and binding as of the date the decision is issued". *Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991). It is therefore clear that this Court has jurisdiction to review the fee agreement at issue here as incident to the Court's review under section 7263(c) and (d) of the reasonableness of the fees called for in that agreement. *See Carpenter (Angeline), supra; see also In the Matter of the Fee Agreement of Wick*, 40 F.3d 367, 371 (Fed.Cir.1994) (holding that section 7263 authorized this Court to review fee agreements when appeal is properly before this Court and when fee agreement has been filed with Court at time appeal is filed); *Beck by Beck v. Sec. of HHS*, 924 F.2d 1029, 1037 (Fed.Cir.1991) (holding that U.S. Court of Federal Claims had jurisdiction to proscribe fee agreement while that court had jurisdiction over attorney and claimant and over any award to be given); *cf. In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 370 (1997) (holding that this Court lacks jurisdiction under title 38, U.S.Code, to review fee agreements "absent a final Board decision over which the Court has jurisdiction"), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir.1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after this Court's opinion). Alternatively, the Court holds that its jurisdiction to examine the terms of the fee agreement in this case also derives from the Court's considerable discretion in determining the reasonableness of the EAJA fees requested pursuant to 28 U.S.C. § 2412(d)(2)(F). *See Perry v. West*, 12 Vet.App. 365, 369 (1999) (holding that, although Court is not required to review EAJA fees for reasonableness absent Secretary's challenge to such fees, Court has considerable discretion in conducting its reasonableness review); *see also Chesser v. West*, 11 Vet.App. 497, 502 (1998).

The Secretary believes that he is only a stakeholder in this case and moves that the Court notify the appellant of his right to intervene in these proceedings. July 6, 1999, Resp. at 3. The Court, however, will deny that motion as moot based on the remedy applied as to part II.B.1., below, which will clearly provide the appellant with such notification.

■ *1. Fee–Agreement Provision as to Control Over the EAJA Litigation.* The fee agreement in the instant case provided: "It is agreed that it is the Attorney's judgment as to whether to pursue the submission of an application for an award of EAJA [fees] to the U.S. Court of Veterans Appeals [(now named the U.S. Court of Appeals for Veterans Claims)], based upon the criteria as established by 28 U.S.C. § 2412". Fee Agreement at 3. The Court has found similar provisions unreasonable and thus unenforceable because they were in conflict with section 2412(d). *See Wingo v. West*, 12 Vet.App. 305, 306 (1999) (per curiam order); *Fee Agreement of Mason*, 11 Vet.App. at 516. In *Shaw*, the Court held that "the law gives the EAJA cause of action and standing to the client ... [,] and the attorney cannot amend the law by bestowing such

standing on the attorney". *Shaw*, 10 Vet. App. at 506; *see also Similes v. West*, 11 Vet.App. 115, 118 (1998) ("because an EAJA claim belongs to the appellant, control of an EAJA litigation may not be ceded to an attorney").

The attorney argues that that language cannot be construed as taking away from the appellant control over the EAJA litigation because the provision is restricted by the criteria within section 2412(d) itself. Resp. at 9. Although the attorney does not argue the point explicitly, he presumably means that, because section 2412(d)(1)(A) provides for an EAJA award only to a prevailing party, the fee-agreement provision cannot trump that requirement. The Secretary responds that the Court would be justified in concluding that that provision creates "a significant possibility of confusing or misleading the client" into believing that the attorney has control over the EAJA litigation. July 6, 1999, Resp. at 9.

The Court agrees with the Secretary. Indeed, when construing the sentence in question in conjunction with the subsequent sentence, it appears that the language as to the attorney's "judgment" specifically reserves to the attorney the decision as to whether an EAJA application will be filed because the subsequent sentence expressly provides that settlement decisions will be made together with the client. Fee Agreement at 3 ("Decisions as to the acceptance of an offer of settlement shall be determined together by said Attorney and Client, and shall have Client's authorization for settlement prior to proceeding."). The "Attorney's judgment" language in this provision is thus contrary to the interpretation in this Court's caselaw of the plain meaning of the EAJA statute—that the attorney is not to use *his* judgment alone as to whether the appellant should apply for EAJA fees—and is thus unreasonable on its face. *See Wingo, Fee Agreement of Mason*, and *Shaw*, all *supra*. Accordingly, the Court holds that, because the above

provision conflicts with section 2412(d), it is unreasonable under section 7263(d) and is thus unenforceable. *See Wingo, Fee Agreement of Mason, Similes*, and *Shaw*, all *supra*.

█ In view of the above holding and the Secretary's motion to notify the appellant of his right to intervene in this appeal, the Court concludes that there is a substantial question as to whether the instant EAJA application has the appellant's authorization. The Court notes that the application includes an affidavit from the appellant as to his net worth. Application, Exhibit 1. However, that affidavit makes no reference to the instant EAJA application specifically or, in fact, to the EAJA itself, under which, according to the above Court precedent, the appellant must control the filing of the application. Hence, the Court will not proceed to make a final award of attorney fees and expenses as to the uncontested EAJA application until the appellant provides a verification that he approves the submission of the instant EAJA application.

*2. Attorney Fees Offset.* Additionally, the fee agreement contains the following provisions:

> Attorney agrees that in the event the Court grants an award of benefits, if there is ultimate successful recovery of past-due benefits for Client, an offset will be made against the entitlement paid under the Attorney/Client Contingent Fee Contract of Attorney's percentage of past-due benefits, in the amount of the sum of the attorney fees awarded by the Court under the provisions of EAJA. Client agrees that in the event the Court remands veteran's case, no offset will be made against the entitlement paid under the Attorney/Client Contingent Fee Contract of Attorney's percentage of past-due benefits in the amount of the sum of the attorney fees awarded by the Court under the provisions of EAJA, if there is ultimate successful recovery of past-due benefits for Client.

Fee Agreement at 2.

■ As to the first sentence above, the attorney contends that because the Court did not reverse the Board decision, no fee is payable under that provision. Resp. at 3. However, in *Shaw*, the Court found a similar provision to be " 'unreasonable' *on its face* to the extent that" the second sentence might have been read "as precluding an offset where the Court remands with a direction that the BVA award benefits that the Court finds are required as a matter of law." *Shaw*, 10 Vet.App. at 505 (emphasis added) ("Court does not itself award benefits but, rather, directs that VA award the benefits on *remand*" (emphasis added)), 506; *see also Gaines (Jerry) v. West*, 11 Vet.App. 113, 115 (1998) (per curiam order). Under *Shaw*, an attorney generally may retain an entire contingency-fee amount if the representation provided before the BVA/VA subsequent to the attorney's work before the Court involves obtaining more relief from the Department than what the appellant received from the Court. *Shaw*, 10 Vet.App. at 504. The Court finds that the fee-agreement provision here is distinguishable from that in *Shaw* because the instant provision, by virtue of the language added to the first sentence, "if there is ultimate successful recovery of past-due benefits for client", unambiguously requires an offset where the Court reverses and remands for an award of benefits.

As to the second sentence, the attorney argues that that provision is reasonable on the facts of this case because "the work performed at the Court is both factually and legally different from any prospective post-remand work and therefore an offset is not required either by case law or by the terms of § 2412(d)." Resp. at 4. He explains that the Court, in its November 1998 order, did not reverse the BVA decision (which would have been tantamount to an award of service connection) and that his representation before the Court was limited to an attack on "the validity and legality" of the BVA decision. Resp. at 5.

The Secretary contends that any EAJA award here would require at least a partial offset because, "inasmuch as the contingent fee contemplates a single sum in payment for services provided both before the Court and in any post-remand proceedings before VA, it is not clear to what extent the contingent fee may be duplicative of the EAJA award for services provided before the Court only." July 6, 1999, Resp. at 5. The Secretary suggests that generally any offset of the contingency fees paid should be calculated based on the percentage of hours the attorney spent as to representation before the Court compared to those subsequently spent before VA. July 6, 1999, Resp. at 6.

After the pleadings were filed here, the Court decided another case styled *In the Matter of the Fee Agreement of Mason*, 13 Vet.App. 79 (1999). There the Court held:

[W]here an attorney successfully represents a VA claimant before this Court and has filed a qualifying attorney-client fee agreement which directs payment by the Secretary from an award of past-due benefits awarded on the basis of the claim filed with VA, the Secretary is obligated to pay directly to the attorney 20% of the past-due benefits awarded on the basis of the claim or application for benefits *underlying the issues successfully appealed to this Court.*

*Id.* at 86. Hence, where the attorney claims the contingency fee for the representation provided in this Court, it would appear that any EAJA award for such representation would result in an offset against the contingency fee owed under the agreement. On the other hand, if the attorney claims the contingency fee for the representation provided before BVA/VA, resulting in an award of benefits beyond the relief awarded by the Court, it would appear that no offset would be required. However, any question as to whether the fee was reasonable for the work done before the Department could be a matter contested before VA or raised on the

Board's own motion under 38 U.S.C. § 5904(c)(2).

In view of the foregoing discussion, as to any contingency-fee amount claimed by the attorney for representation before the Department following a remand from this Court in this case, the Court holds that the attorney-fee-offset provisions in the fee agreement before the Court are unobjectionable in the context of this case.

***3. Offset of Expenses.*** The fee agreement further provides:

> In the event that Client advances costs and expenses in connection with the appeal to the U.S. Court of [Appeals for Veterans Claims], reimbursement to the Client for costs and expenses advanced will be made at the time Attorney receives the EAJA award, if EAJA settlement is for the full amount requested in the EAJA application. There shall be no reimbursement to the Client for costs or expenses advanced by the Client if the EAJA settlement is less than the full amount requested in the EAJA application.

Fee Agreement at 3. The Court has previously held "that this provision of the agreement is 'unreasonable' ***on its face*** under section 7263(d) and thus unenforceable because it would permit unwarranted compensation to the attorney and would impermissibly mix fees with costs and expenses, items that are treated separately in the EAJA in 28 U.S.C. § 2412(d)(1)(A)." *Shaw*, 10 Vet.App. at 505 (emphasis added). The Court notes that the attorney argues that the provision applies to settlement situations only and not an EAJA ***award*** made by the Court. Resp. at 7. The Court finds this difficult to accept in view of the use of the word "award" just prior to the two uses of the word "settlement". In the event of an advance of expenses by the client, it would be unreasonable for the attorney not to reimburse the client up to the amount of that advance from any payment for expenses under the EAJA, regardless of whether paid through an EAJA settlement or through an EAJA award by the Court, because, as we said in *Shaw*, "[o]therwise, the attorney would be essentially converting an EAJA-expense award into an attorney-fee award." *Shaw*, 10 Vet.App. at 505.

However, for two reasons, we find it unnecessary to object to the expense-offset provision on the facts of this case. First, the provision itself would have applicability only where the appellant has advanced monies to the attorney for the payment of expenses, and there is no indication in the instant case that the appellant has in fact advanced any monies to the attorney for litigation expenses. Second, because the Court is prepared to grant here, unlike in *Shaw*, the EAJA application in full, the condition presented in the above provision, regarding an EAJA payment of an amount less than is sought in the application, does not spring into action here.

### B. EAJA Application

This Court has jurisdiction to award reasonable attorney fees and expenses under the EAJA pursuant to 28 U.S.C. § 2412(d)(2)(A), (F) as amended by section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). The December 7, 1998, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B). That application has satisfied any jurisdictional content requirements that apply because it contained a showing that, by virtue of the Court's remand, the appellant is a prevailing party within the meaning of the EAJA (and thus that he was a party eligible for an award); a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; an allegation that the position of the Secretary was not substantially justified; and an itemized statement of the fees sought supported by an affidavit from the appellant's counsel. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Chesser*, 11 Vet.App. at 499; *see also Bazalo v. West*, 150 F.3d 1380, 1384 (Fed.Cir.

1998) (holding that showing of net worth is not jurisdictional requirement).

When it is in receipt of a jurisdictionally sufficient EAJA application, this Court will award attorney fees "unless the [C]ourt finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown,* 6 Vet.App. 291, 301 (1994). Because the application here has alleged, pursuant to 28 U.S.C. § 2412(d)(1)(B), that the Secretary's position was not substantially justified (Application at 2), the Secretary "has the burden of proving that [his] position was substantially justified in order to defeat the appellant's EAJA application", *Stillwell, supra; see also Locher v. Brown,* 9 Vet.App. 535, 537 (1996). The Secretary concedes that his position was not substantially justified and has not contested the reasonableness of the EAJA fees requested. Resp. at 1–2.

However, as a result of the fee-agreement provision discussed in part II.A.1., above, there is a question here about whether the EAJA application has the consent of the appellant. Thus, although the Court is prepared to award the full amount of fees and expenses requested, we are constrained first to require verification from the appellant that he approves of the EAJA application submitted here.

### III. Conclusion

Upon consideration of the foregoing analysis, the EAJA application, the fee agreement, and the pleadings of the parties, the Court holds in abeyance further proceedings on the EAJA application and directs that, not later than 30 days after the date of this opinion, the appellant file a verification as to whether or not he approves of the submission of the instant EAJA application.

IT IS SO ORDERED.