**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**


No. 97-2323


JAMES F. FRITZ, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.


On Appellant's Application for Attorney Fees and Expenses


(Decided  April 18, 2000    )


*Kenneth M. Carpenter*, of Topeka, Kansas, was on the pleadings for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; and *Michael A. Leonard*, Deputy Assistant General Counsel, all of Washington, D.C., were on the pleadings for the appellee.

Before NEBEKER, *Chief Judge*, and KRAMER and STEINBERG, *Judges*.

STEINBERG, *Judge*: Before this Court is the appellant's December 7, 1998, application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), and his December 21, 1999, supplemental EAJA application.  For the reasons that follow, the Court will grant the 1998 EAJA application and deny the 1999 supplemental EAJA application.


**I.  Relevant Background**

The underlying facts are set forth in our prior opinion in this case. *Fritz v. West*, 13 Vet.App. 190 (1999).  Briefly, the pertinent facts follow: The appellant, veteran James F. Fritz, appealed pro se a September 22, 1997, decision of the Board of Veterans' Appeals (BVA).  On January 28, 1998, Kenneth M. Carpenter, Esquire, filed an appearance on behalf of the appellant; on February 20, 1998, the appellant's counsel filed a fee agreement.  On November 10, 1998, the Court issued an

order granting a November 5, 1998, joint motion for remand, vacating the September 1997 BVA decision, and remanding the matter for readjudication.

On December 7, 1998, the appellant timely filed the EAJA application for $4,539.76 in attorney fees and expenses. On December 17, 1998, the Secretary filed a response in which he conceded that his position in this case was not substantially justified; he did not therefore contest the application. On December 22, 1998, the Court, through the Clerk of the Court, ordered that the application be held in abeyance; that the appellant's attorney either show cause why the fee agreement should not be found unreasonable or file an amended agreement; and that the proceedings on the application be stayed pending further order of the Court. On January 11, 1999, the attorney responded. On April 29, 1999, the Court issued an order directing the Secretary to reply to the attorney's response, and the Secretary filed a response to that order on July 6, 1999.

On November 23, 1999, the Court issued an opinion holding, inter alia, that certain language in the fee agreement was "contrary to the interpretation in this Court's caselaw of the plain meaning of the EAJA statute -- that the attorney is not to use *his* judgment alone as to whether the appellant should apply for EAJA fees -- and [wa]s thus unreasonable on its face." *Fritz*, 13 Vet.App. at 193. After noting that, except for the errant fee-agreement provision, the Court was "prepared to award the full amount of fees and expenses requested" to that point, the Court held in abeyance further proceedings on the uncontested EAJA application and directed the appellant to file a verification as to whether or not he approves of the submission of the instant EAJA application. *Fritz*, 13 Vet.App. at 193, 196. On December 21, 1999, the appellant filed a "SUBMISSION UNDER PROTEST OF VERIFICATION OF APPELLANT OF HIS CONSENT TO COUNSEL'S SUBMISSION OF AN EAJA APPLICATION TO THIS COURT", as well as a supplemental EAJA application for an additional $2,665.98 in attorney fees and expenses for his attorney's "successful defense of the [a]ppellant's EAJA application." Supplemental Application at 1, 4. On February 17, 2000, the Secretary filed a response, opposing the supplemental application.

## II. Analysis

When, as here, an EAJA application is timely filed and meets any applicable content requirements, this Court *is required* to award attorney fees "unless the [C]ourt finds that the position

of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). "It is unquestioned that EAJA fees are available for litigation over the EAJA application itself and that an award of fees and expenses for that purpose would generally follow from success in the basic EAJA application". *Cook v. Brown*, 6 Vet.App. 226, 240 (1994), *aff'd on other grounds*, 68 F.3d 447 (Fed. Cir. 1995); *accord Sandoval v. Brown*, 9 Vet.App. 177, 181-82 (1996); *Camphor v. Brown*, 8 Vet.App. 272, 277 (1995); *Curtis v. Brown*, 8 Vet.App. 104, 108 (1995).

### A. 1998 EAJA Application

Because the appellant has filed a verification as to his approval of the submission of the 1998 EAJA application, the Court will lift the stay imposed by the Court's November 23, 1999, opinion and will grant that EAJA application in full. *See Fritz*, 13 Vet.App. at 196 (noting that "Court is prepared to award the full amount of fees and expenses requested" after Court has received "verification from the appellant that he approves of the EAJA application submitted here").

### B. 1999 Supplemental EAJA Application

The appellant contends that an award of supplemental fees should flow from his success as to the basic EAJA application because he was required to "defend his EAJA application against the Secretary's contention that the provisions of the . . . fee agreement were 'possibly confusing or misleading to the client'" and to "defend" both the EAJA application and the fee agreement in response to this Court's December 22, 1998, show-cause order. To support the latter argument, he asserts that this Court is an agency of the United States government within the meaning of the EAJA because "under the definitions contained in 28 U.S.C. § 2412(d)(2)(C), the 'United States' includes any agency and any official of the United States acting in his or her official capacity" and because this Court was created under Article I of the U.S. Constitution. Supplemental Application at 2.

First, as the Secretary has pointed out, because this Court has held that "the Court is not an agency of the United States for EAJA purposes", that latter argument (as to the actions of this Court) must fail. *Wisner v. West*, 12 Vet.App. 330, 334 (1999). Second, notwithstanding the fact that "EAJA fees are available for litigation over the EAJA application", *Cook*, *supra*; *see also Sandoval*, *Camphor*, and *Curtis*, all *supra*, in this case the activity subsequent to the original EAJA application

involved fee-agreement issues that "relate to the EAJA application only in a collateral way." *Shaw v. Gober*, 10 Vet.App. 498, 502 (1997). In *Shaw*, the Court held:

> Regarding the amount . . . sought for fees in connection with the 38 U.S.C. § 7263(c) proceeding initiated by the Court, the Court will deny these fees for the following reasons. The section 7263 review carried out and discussed in part II., below, was raised by the Court pursuant to its independent power under that section. Fees for representation on those fee-agreement issues are unlike "fees for fees", the EAJA fees for representation in the litigation over the EAJA application itself. . . . The fee-agreement litigation thus does not involve the United States, the party that pays EAJA awards, in the same way as does the litigation over the underlying case and over the EAJA application. The mere facts that the appellant included in his EAJA application a request for fees for responding to the Court order or that issues raised by the Court about the reasonableness of certain provisions of the fee agreement also involve consideration of their relationship to an award of EAJA fees do not make the fee-agreement issues a part of the underlying successful litigation over the BVA decision that the appellant brought to the Court. Accordingly, the Court holds that the fee-agreement litigation is not a part of the "civil action brought against the United States" for purposes of 28 U.S.C. § 2412(d)(1)(A) and [*Commissioner, INS* v. ]*Jean*, [496 U.S. 154, 157 (1990)].

*Shaw*, 10 Vet.App. at 501-02.

In the instant case, this Court, sua sponte, raised the fee-agreement issues pursuant to its independent power under 38 U.S.C. § 7263(c) to review such fee agreements on its own motion. *Fritz v. West*, U.S. Vet. App. No. 97-2323, order at 1 (Dec. 22, 1998). Accordingly, we will deny the appellant's 1999 supplemental EAJA application.


### III. Conclusion

Upon consideration of the foregoing analysis, the EAJA application, the supplemental EAJA application, the fee agreement, and the pleadings of the parties, the stay imposed by the Court's November 23, 1999, opinion is lifted, and the Court grants the appellant's December 7, 1998, EAJA application and denies his December 21, 1999, supplemental EAJA application.

APPLICATION GRANTED; SUPPLEMENTAL APPLICATION DENIED.