# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1244

MARY ANN TETEN,                                                      APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                         APPELLEE.

Before FARLEY, IVERS, and STEINBERG, *Judges.*

## O R D E R

The appellant appeals a May 5, 1998, decision of the Board of Veterans' Appeals, and that case is currently pending before the Court. On July 7, 1998, the appellant entered into a fee agreement with her counsel, Robert A. Laughlin. That fee agreement includes the following:

> Robert A. Laughlin shall have the right to claim attorney fees or [sic] expenses, based upon the appeal which is the subject of this Contract, to the full extent that such rights are conferred upon the Client by the [Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA)].

Fee Agreement at 1. This provision is unreasonable and unenforceable because it transfers to the attorney the client's EAJA rights. *See Shaw v. Gober*, 10 Vet.App. 498, 506 (1997) ("the law gives the EAJA cause of action and standing to the client[,] . . . and the attorney cannot amend the law by bestowing such standing on the attorney"); *accord Fritz v. West*, 13 Vet.App. 190, 192-93 (1999) (holding that, where "there is a substantial question as to whether the instant EAJA application has the appellant's authorization", appellant must provide "a verification that he approves the submission of the instant EAJA application"); *In the Matter of the Fee Agreement of Mason*, 11 Vet.App. 514, 516 (1998) (per curiam order) (*Fee Agreement of Mason*); *see also Oguachuba v. INS*, 706 F.2d 93, 97-98 (2d Cir. 1983) ("Whether an award of attorney fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client. . . . [But] counsel has no standing to apply to the public fisc for payment."). Accordingly, the Court holds that that provision is unreasonable on its face, under 38 U.S.C. § 7263(d), because it conflicts with section 2412(d), and the provision is thus unenforceable.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file an amended fee agreement that complies with this order and the rules articulated in *Fritz*, *Fee Agreement of Mason*, and *Shaw*, all *supra*. It is further

ORDERED that this case be held in abeyance pending receipt of such a revised fee agreement or until further order of the Court.

DATED:        June 30, 2000                    PER CURIAM.