James F. FRITZ, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 00–7139.

United States Court of Appeals, Federal Circuit.

Sept. 6, 2001.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Doris S. Finnerman, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and David J. Barrans, Staff Attorney, Department of Veterans Affairs, of Washington, DC.

Before RADER, GAJARSA, DYK, Circuit Judges.

## DECISION

GAJARSA, Circuit Judge.

This is an appeal from a decision of the Court of Appeals for Veterans Claims ("CAVC") denying the application of James A. Fritz for supplemental attorney fees originating from the defense of an initial attorney fees application under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1994). The CAVC granted payment of the initial EAJA claim, but did not allow the supplemental EAJA application because it reasoned that the defense of the initial fee agreement was not a part of the underlying litigation. *Fritz v. West,* 13 Vet.App. 439 (Vet.App. 2000). For the reasons stated below, we vacate and remand.

## BACKGROUND

On September 22, 1997, the Board of Veterans' Appeals ("BVA") denied Mr. Fritz's claim for service connection for peptic ulcer disease. Mr. Fritz, represented by his attorney, appealed the BVA's decision to the CAVC. In accordance with 38 U.S.C. § 7263(c) (1994), Mr. Fritz's attorney filed with the CAVC a copy of the agreement that outlined the fee structure of his representation of Mr. Fritz.

In response to a joint motion for remand filed by Mr. Fritz and the Secretary of Veterans Affairs ("the Secretary"), the CAVC vacated the BVA decision and remanded the case to the BVA. Mr. Fritz filed an EAJA application with the CAVC for the attorney fees incurred during the successful appeal to the CAVC in the amount of $4,539.76. The Secretary conceded that the Government's position in the case before the BVA was not substantially justified, and did not contest Mr. Fritz's request for an award of fees.

On December 22, 1998, however, the CAVC *sua sponte* issued an order, citing its authority under 38 U.S.C. § 7263(c) to review fee agreements, that the EAJA application be held in abeyance until Mr.

Fritz's attorney showed why the fee agreement should not be found unreasonable or, in the alternative, until Mr. Fritz's attorney filed an amended fee agreement. On January 11, 1999, Mr. Fritz's attorney filed a response to the CAVC's order arguing that the fee agreement was reasonable. The CAVC issued a decision on November 23, 1999, stating that a provision in the fee agreement, granting the authority to pursue the EAJA application to the attorney, created "a significant possibility of confusing or misleading the client" into believing that the attorney has control over the EAJA application in conflict with 28 U.S.C. § 2412(d), and was therefore unreasonable and unenforceable under 38 U.S.C. § 7263(d). *Fritz v.. West*, 13 Vet.App. 190, 193 (1999). Because the court was prepared to award the full amount of the fee request, once the potential confusion surrounding the veteran's authority to file the EAJA application was removed, the court held the proceedings in abeyance and instructed Mr. Fritz to file a statement indicating whether or not he approved his attorney's submission of the EAJA application.

Mr. Fritz filed a verification that he had authorized his attorney to file the EAJA application. In addition, Mr. Fritz filed a supplemental EAJA application seeking an award of attorney fees of $2,665.98 for the work performed in responding to the CAVC's order regarding the potential confusion surrounding the fee agreement. The Secretary opposed the supplemental EAJA application.

On April 18, 2000, the CAVC granted Mr. Fritz's request for fees as provided in his original EAJA application, but denied the fees requested in the supplemental application. The CAVC rejected the supplemental application on the basis that: 1) the dispute surrounding the fee-agreement was raised *sua sponte* by the CAVC in accordance with 38 U.S.C. § 7263(d), thus, Mr. Fritz's claim for supplemental fees was not the subject of a "civil action" brought against an agency for the purposes of EAJA in accordance with 28 U.S .C. § 2411(d)(1)(A); and 2) the fee-for-fees claim is only collaterally related to the issues for which the original EAJA application was granted.

This appeal followed. In accordance with 38 U.S.C. § 7292(c), this court has exclusive jurisdiction to review the interpretation of any statute by the CAVC.

## DISCUSSION

### A. Standard of Review

■ The CAVC's interpretation of a statute is a question of law, which this court reviews *de novo*. *Jones v. Brown*, 41 F.3d 634, 637 (Fed.Cir.1994).

### B. Analysis

■ There can be no dispute that the CAVC is not an "agency" for purposes of establishing a claim for attorney fees in accordance with 28 U.S.C. § 2411(d)(1)(A). As we made abundantly clear in *Abbs v. Principi*, 237 F.3d 1342 (Fed.Cir.2001), the structure, language, and legislative history of the EAJA unambiguously demonstrate that the CAVC is not an "agency" under that statute. 237 F.3d at 1351–52 (veteran's representative's appeal of CAVC's denial for attorney fees, on the basis that pursuant to the EAJA the CAVC was an agency, was found frivolous and resulted in sanctions being imposed against the veteran's attorney).

The issue, however, is not whether Mr. Fritz can establish a claim for fees solely on the basis of work performed defending the initial EAJA fee application, or whether the CAVC's action in accordance with 38 U.S.C. § 7263(c) was that of an agency. The issue in this case is properly charac-

terized as whether, having established entitlement to fees under EAJA for the underlying case, Mr. Fritz is entitled to all fees incurred in the entire civil action brought on his behalf including the defense of the fee application.

The CAVC based its denial of Mr. Fritz's claim for attorney fees, incurred defending against the CAVC's *sua sponte* challenge to confusing statements in the fee agreement, wholly on its previous decision in *Shaw v. Gober*, 10 Vet.App. 498 (1997), stating that fees incurred defending against challenges to the reasonableness of the fee agreement could not be recovered. In *Shaw*, the CAVC distinguished fees associated with work performed in the underlying litigation with fees generated in defense of the fee agreement on the basis that: "fee-agreement litigation ... does not involve the United States, the party that pays EAJA awards, the same way as does the litigation over the underlying case and over the EAJA application." *Shaw*, 10 Vet.App. at 502.

Since the issuance of the CAVC's decision in this case, *Shaw* has been over-ruled by that court. In *Carpenter v. Principi*, 15 Vet.App. 64 (June 21, 2001), the CAVC rejected *Shaw*, finding that it subverted "the very purpose of the EAJA" by permitting attorneys to retain an entire contingency-fee amount if the representation provided before the BVA, subsequent to the attorney's work before the CAVC, generates more relief from the department than was granted by the CAVC. *Id.* at 74. Indeed, in *Carpenter*, the CAVC stated that: "If we were to consider the appellant's representation of the veteran before the Board on remand different 'work' than that performed here, we would improperly be allowing the EAJA fee to enhance the appellant's fee, rather than to reimburse the veteran for the cost of representation." *Id.* at 76. Thus, *Carpenter* dictates that,

for purposes of evaluating the reasonableness of fees, the separate stages of litigation cannot be parsed out into component parts.

Even though the CAVC did not have the benefit of *Carpenter* when it issued its decision in this case, we find the CAVC's failure to consider the Supreme Court's opinion in *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (*Jean VI*), most troubling, because *Jean VI* clearly controls the outcome of this case. *Jean VI* involved claims for attorney fees incurred in the lengthy and complex litigation surrounding the plaintiffs' challenge to the practice, instituted by the Immigration and Naturalization Service (INS), of holding mass exclusion hearings for the plaintiff class composed of Haitian nationals seeking asylum in the United States, on the basis that such detentions were a violation of the plaintiffs' constitutional rights and conducted in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 553 (1994). *Louis v. Nelson*, 544 F.Supp. 973 (S.D.Fla.1982); *Louis v. Nelson*, 544 F.Supp. 1004 (S.D.Fla.1982) (*Jean I*). The district court held the detentions void and further concluded that the INS's procedures were in violation of the APA. *Id.* A panel of the Eleventh Circuit affirmed the district court's decision that the detentions were being conducted in violation of the APA. *Jean v. Nelson*, 711 F.2d 1455 (11th Cir.1983) (*Jean II*). Sitting *en banc*, the Eleventh Circuit vacated the panel's decision, concluding that the APA claim was mooted by the agency's intervening promulgation of conforming regulations, but remanded to the district court for further consideration of the constitutional claims including claims of discrimination. *Jean v. Nelson*, 727 F.2d 957 (11th Cir.1984) (*Jean III*). The Supreme Court affirmed the *en banc* court's decision, concluding that the APA claim had been moot-

ed by the Government's promulgation of regulations; the Supreme Court remanded for consideration of the issue of discrimination. *Jean v. Nelson,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985) (*Jean IV*). On remand, addressing the plaintiffs' claims for attorney fees, the district court concluded that the Government's defense of the plaintiffs' challenge under the APA was not substantially justified and awarded attorney fees. *Louis v. Nelson,* 646 F.Supp. 1300 (S.D.Fla.1986) (*Jean V*). The Court of Appeals upheld the district court's award of fees. *Jean v. Nelson,* 863 F.2d 759 (11th 1988).

In *Jean VI,* the Supreme Court granted the Government's petition for certiorari to review the award of legal fees. The Government conceded that an award for fees incurred in applying for fees is appropriate, but it argued that unless the court finds that the Government's position in the fee litigation itself was not substantially justified, fees incurred in the fee litigation are not recoverable. *Id.* at 157, 110 S.Ct. 2316. The Supreme Court characterized the issue as "whether the [district court] must make a second finding of no 'substantial justification' before awarding respondents any fees [under the EAJA] for the fee litigation." *Id.*

Rejecting the Government's contention that a "substantial justification must be found at each stage of the litigation," the Supreme Court found "most telling ... the complete absence of any textual support for this position" in the language of 28 U.S.C. § 2412(d)(1)(A). *Id.* at 158–59, 110 S.Ct. 2316. Quoting from the statute, the Supreme Court pointed out that Section 2412(d)(1)(A) makes reference to "an award of fees 'in any civil action' without any reference to separate parts of the litigation." *Id.* at 159, 110 S.Ct. 2316. The Supreme Court interpreted the statutory language, which provides for entitle-

ment to fees when there is a lack of substantial justification of " 'the *position* of the United States' in the singular," as buttressing the conclusion that a prevailing party is entitled to fees incurred at any stage of the litigation when "only one threshold determination [of substantial justification] for the entire civil action is to be made." *Id.* (emphasis added).

The Supreme Court found further support for an interpretation of the statute that would permit recovery of fees incurred in the course of litigating the fee dispute in the language of Section 2412(d)(1)(B) describing the fee application procedure. *Id.* at 160, 110 S.Ct. 2316. The Supreme Court also found that section's similar requirement, that an application include an allegation that "the position of the United States was not substantially justified," corroborated the statute's other references to "a single finding." *Id.* Moreover, the Supreme Court could find no requirement in Section 2412(d)(1)(B) that the Government's position with regard to the fee application be considered in evaluating a party's claim for fees. *Id.* In light of such language, and the statute's direction that "the Government's past position" be reviewed "on the basis of the record," the Supreme Court determined that Congress intended one finding of no substantial justification to suffice. *Id.*

Thus, the Supreme Court concluded that "a fee award presumptively encompasses all aspects of the civil action" absent unreasonably dilatory conduct by the prevailing party. *Id.* at 161, 110 S.Ct. 2316. Having concluded that each action must be treated as an "inclusive whole" rather than as "line-items," the court held that nothing in the statute required that a party's preparation of a fee application "and its ensuing efforts to support that same application" be treated differently from the remainder of the proceedings. *Id.* at 161–62, 110 S.Ct. 2316.

■ In this case, the Secretary conceded that the Government's position before the BVA was not substantially justified, and did not contest the initial EAJA application for attorney fees. Thus, in accordance with *Jean VI*, absent evidence of unreasonably dilatory conduct on the part of Mr. Fritz or his attorney, Mr. Fritz was entitled to attorney fees incurred throughout the litigation, including those incurred in preparation and defense of the fee application to the extent those fees are defensible.[1] The CAVC's refusal to grant Mr. Fritz's claims for attorney fees in accordance with his subsequent EAJA application constitutes an error as a matter of law.

Even assuming the CAVC did not believe that *Jean VI* was applicable to the issue before it, we note that prior to the issuance of the Supreme Court's opinion in *Jean VI*, this court in *Brewer v. American Battle Monuments Commission*, 814 F.2d 1564 (Fed.Cir.1987) stated that such fees may be recovered. Addressing whether fee awards for the interim stages of litigation should be granted, we stated for the first time that an award of fees incurred in every stage of litigation is consistent with the legislative purpose of the EAJA of ensuring that certain individuals are not deterred from seeking review of unjustified governmental action on the basis of the expense involved. *Id.* at 1567–68. In *Brewer*, we concluded that within the petitioner's EAJA fee application, "fees incurred in the preparation and *defense of* this application may be included." *Id.* at 1570 (emphasis added) (citing *Schuenemeyer v. United States*, 776 F.2d 329, 333

(Fed.Cir.1985)). Thus, in accordance with both *Jean VI* and *Brewer*, the CAVC's denial of an award of fees for those incurred in the preparation and defense of Mr. Fritz's EAJA fee application, is erroneous as a matter of law. However, on remand the CAVC should determine on the present record whether the attorney's actions were unreasonably dilatory or procedurally defective, which would justify a denial of some portion of the fee for fee award.

## CONCLUSION

For the reasons set forth in this opinion, the decision of the CAVC is vacated and the case is remanded to the CAVC for proceedings consistent with this opinion.

### *VACATED AND REMANDED*

### COSTS

To the appellant.

---

1. *Jean VI* also makes clear that "[e]xorbitant, unfounded, or procedurally defective fee applications-like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." 496 U.S. at 163,

110 S.Ct. 2316. Thus, to the extent that the applicant ultimately fails to prove justification for each item of fee claimed, charges generated in defense of such unfounded fee claims are not recoverable. *Id.* at 163 n. 10, 110 S.Ct. 2316.