# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-2323

JAMES F. FRITZ, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Supplemental Applications for Attorney Fees and Expenses

(Decided     April 22, 2003     )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Michael A. Leonard*, Deputy Assistant General Counsel, all of Washington, D.C., were on the pleadings for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

STEINBERG, *Judge*: Before this Court are the appellant's December 21, 1999, supplemental application, submitted through counsel, for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), and his December 12, 2001, supplemental EAJA application. For the reasons that follow, the Court will grant in part and deny in part the 1999 supplemental EAJA application; the Court further will direct the parties to proceed with their pleadings as to the 2001 supplemental application, which will be returned to the single judge for disposition.

## I. Relevant Background

The appellant filed an application for EAJA fees and expenses on December 7, 1998, and the Secretary filed a response in which he conceded that his position was not substantially justified and stated that he did not contest the application. *See Fritz v. West*, 13 Vet.App. 190, 191 (1999)

(*Fritz I*). On December 22, 1998, the Court ordered the appellant's counsel to explain why three provisions of his and the appellant's fee agreement, executed on January 26, 1998, and filed with this Court in February 1998, should not be found unreasonable. *See ibid.* On January 11, 1999, the appellant's counsel responded with arguments in support of the fee agreement. *See id.* at 191-95. On April 29, 1999, the Court ordered the Secretary to respond to the appellant's counsel's fee-agreement arguments. After the Court granted two motions for extensions of time (totaling 38 days) to file his response, the Secretary filed a response on July 6, 1999. On November 23, 1999, the Court issued an opinion that held that one provision in the fee agreement, which stated that it would be up to the attorney's judgment whether to pursue EAJA fees (hereinafter the "attorney-judgment EAJA provision"), conflicted with 28 U.S.C. § 2412(d), the EAJA provision that gave control over the application to the client; the Court required the appellant to file a verification that he had approved of the EAJA application filed by his counsel. *Fritz I*, 13 Vet.App. at 192-93. The Court also held that the appellant's counsel's interpretation of the fee agreement as to the two other provisions – the attorney-fees-offset and the expenses-offset issues – was appropriate based on the facts of this case. *Id.* at 193-95. On December 21, 1999, the appellant's counsel filed a verification "under protest" and a (first) supplemental EAJA application for $2,665.98 in fees and expenses for the litigation as to the reasonableness of the fee agreement. On January 18, 2000, the Court ordered the Secretary to respond to the appellant's first supplemental EAJA application, and the Secretary did so on February 17, 2000.

In an April 18, 2000, opinion, the Court granted the attorney fees and expenses requested in the appellant's 1998 (original) EAJA application but denied those requested in the first supplemental EAJA application. *Fritz v. West*, 13 Vet.App. 439, 441 (2000) (*Fritz II*). The Court denied the first supplemental application on the bases that (1) the dispute surrounding the fee agreement was raised sua sponte by the Court in accordance with 38 U.S.C. § 7263(c) and, thus, the litigation regarding that fee agreement was not, for the purposes of 28 U.S.C. § 2412(d)(1)(A), a part of a "'civil action'" brought against an agency; and (2) the appellant's fees-for-fees claim was only collaterally related to the issues litigated in the appeal to which the granting of the original EAJA application pertained. *Fritz II*, 13 Vet.App. at 441 (quoting *Shaw v. Gober*, 10 Vet.App. 498, 502 (1997)).

The appellant subsequently appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which issued a September 6, 2001, opinion that vacated this Court's April 2000 opinion (*Fritz II*) and remanded the matter. *Fritz v. Principi*, 264 F.3d 1372 (Fed. Cir. 2001) (*Fritz III*). The Federal Circuit held that this Court's denial of the appellant's first supplemental application was erroneous as a matter of law in light of *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), and *Brewer v. American Battle Monuments Commission*, 814 F.2d 1564 (Fed. Cir. 1987). *Fritz III*, 264 F.3d at 1377. The Federal Circuit stated that, upon remand, this Court "should determine on the present record whether the attorney's actions were unreasonably dilatory or procedurally defective", either of which "would justify a denial of some portion" of the fees-for-fees award. *Ibid.* On October 29, 2001, the Federal Circuit issued its mandate in the case.

On December 12, 2001, the appellant filed a second supplemental EAJA application – for the representation provided to him by his counsel in connection with the litigation over the first supplemental application, including his representation in the Federal Circuit. On February 12, 2002, the Secretary filed a motion for a stay of proceedings as to the second supplemental application; he argues that he "cannot reasonably respond to it until the Court issues an order either determining the reasonableness of [the a]ppellant's first [s]upplemental [a]pplication, or requesting that the parties provide supplemental briefing on that issue." February 2002 Motion at 2. On February 25, 2002, the appellant filed a response in opposition to the Secretary's request for a stay of proceedings. On June 7, 2002, the Court granted in part the Secretary's motion for a stay of proceedings as to the second supplemental application and held the proceedings on that application in abeyance pending the disposition of *Hensley v. Principi*, U.S. Vet. App. No. 96-978 (May 10, 2002, Court order directing briefing on jurisdictional issue). *Fritz v. Principi*, 16 Vet.App. 179, 182 (2002) (per curiam order) (citing *Hensley v. Principi*, 16 Vet.App. 108 (2002) (per curiam order) (ordering briefing on question whether Court has jurisdiction to award fees for representation by counsel before Federal Circuit)). In that order, the Court also directed the Secretary to file an additional response to the appellant's first supplemental EAJA application in light of the Federal Circuit's opinion in *Fritz III*. *Ibid.* The Secretary filed a response on June 28, 2002, and the appellant submitted a reply on July 15, 2002. The Court will accept for filing the appellant's lodged reply.

In November 2002, this Court issued its opinion in *Hensley*, which held that this Court is empowered to award EAJA fees for representation provided in the Federal Circuit in an appeal from a decision of this Court. *Hensley v. Principi*, 16 Vet.App. 491, 497 (2002). Hence, the Court's June 2002 stay has expired and, as indicated in Part III, below, the Court, before disposing of the second supplemental application, will allow the parties to file supplemental responses and replies to that second supplemental application in accordance with Rule 39(d)(5) of this Court's Rules of Practice and Procedure. U.S. VET. APP. R. 39(d)(5) (effective Feb. 14, 2003, *In Re: Rules of Practice and Procedure*, U.S. Vet. App. Misc. No. 1-03 (Jan. 15, 2003) (en banc order) (temporarily found at 16 Vet.App. Ct. R-1, at Ct. R-21-22 (advance sheet No. 2, Feb. 2003)) (revising Court's Rules, including Rule 39)).

## II. Analysis

As noted above, in remanding this case the Federal Circuit stated that this Court "should determine on the present record whether the attorney's actions were unreasonably dilatory or procedurally defective, which would justify a denial of some portion of the fee[-]for[-]fee award" that the appellant had requested in his first supplemental application. *Fritz III*, 264 F.3d at 1377. In light of that direction, the Secretary argues that the Court should deny in full the appellant's first supplemental application on the grounds that the time and resources expended were the result of the appellant's counsel's procedurally defective fee agreement and his dilatory conduct in not correcting that defect sooner. June 2002 Response (Resp.) at 4. He argues that the defects in the agreement were apparent from this Court's caselaw regarding 28 U.S.C. § 2412(d) as that caselaw existed at the time of the litigation. Resp. at 7.

The appellant counters that this Court's review of the fee agreement was not predicated upon a procedurally defective fee *application*, but rather upon the Court's review of the fee *agreement*, and that the Court should thus reject the Secretary's attempt to extend to the review of fee agreements the conclusion in *Jean*, 496 U.S. at 163, that courts may reduce EAJA fee awards based on "procedurally defective fee applications". July 2002 Reply at 2-3, 5. With respect to that fee agreement, he argues that there is no evidence of any unreasonable dilatory conduct by him or his counsel in either its preparation or the response to the Court's inquiry regarding it. *Id.* at 3-4.

4

Finally, he argues that the Court's caselaw construing the EAJA and 38 U.S.C. § 5904 lacked clarity in regard to the issues raised by the Court; that he could not have predicted the Court's concerns regarding the fee agreement; and that, therefore, his counsel's arguments in support of the fee agreement should not be held to have unreasonably protracted the litigation. Reply at 3-4.

"[A]bsent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." *Jean*, 496 U.S. at 161. That Supreme Court holding was based on EAJA section 2412(d)(1)(C), which provides:

> The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(C). The Supreme Court also stated that "[e]xorbitant, unfounded, or procedurally defective fee applications – like any other improper position that may unreasonably protract proceedings – are matters that the . . . court can recognize and discount." *Jean*, 496 U.S. at 163. "The EAJA further provides . . . courts [with] discretion to adjust the amount of fees for various portions of the litigation, guided by reason and statutory criteria." *Id.* at 165-66.

Regarding the first supplemental EAJA application, the Court notes that the appellant's application itself is not defective and presumes that the Secretary is basing his argument concerning defects on an improper position taken by the appellant's counsel in defending the fee agreement – that is, the Secretary is employing the Supreme Court's statement that "any . . . improper position that may unreasonably protract proceedings . . . [is a] matter[] that the . . . court can recognize and discount", *Jean*, 496 U.S. at 163. That argument appears to be, in essence, the same as the Secretary's argument that the appellant's counsel unreasonably protracted the litigation by resisting compliance with the Court's caselaw. *See* Resp. at 7.

In its December 1998 order, this Court raised questions about three provisions of the appellant's fee agreement with his counsel and ordered the appellant's counsel to explain why those provisions were not unreasonable under the EAJA. *Fritz I*, 13 Vet.App. at 191. The appellant's counsel responded and argued in support of all three provisions, and the Secretary responded to the

5

appellant's counsel's arguments. The Court in *Fritz I* agreed with arguments presented by the appellant's counsel as to two provisions only but determined that the third provision, the attorney-judgment EAJA provision, was unreasonable. *Id.* at 193. The law regarding the application of section 2412(d) to the two fee-agreement provisions upheld by the Court was not as clear as the Secretary contends. As to those two provisions on which the appellant's counsel's interpretation was vindicated, the Secretary cannot legitimately complain that the appellant's counsel unreasonably protracted the litigation based on an improper position taken in defending the fee agreement.

However, as to the third fee-agreement provision, which the Court held invalid in *Fritz I*, 13 Vet.App. at 192-93, the question presented is whether it was reasonable, in light of the prior decisions of this Court that had rejected identical fee-agreement provisions, for the appellant's counsel to have argued in support of the attorney-judgment EAJA provision. Relying on *Jean*, 496 U.S. at 163 n.10, the Federal Circuit stated that "to the extent that the applicant ultimately fails to prove justification for each item of fee claimed, charges generated in defense of such unfounded fee claims are not recoverable." *Fritz III*, 264 F.3d at 1377 n.1. Because this Court is bound to consider the relationship between the amount of the fee awarded and the results obtained, "fee[-]for[-] fee litigation [is to] be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Jean*, 496 U.S. at 163 n.10 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Further guidance was provided by this Court in *Hensley v. Principi*, where this Court noted that "an appellant may recover fees under the EAJA for unsuccessful but reasonable arguments if the litigant was ultimately successful on the claim"; we stressed that "the touchstone in determining whether fees ought to be awarded in such a case is whether the argument was reasonable." *Hensley*, 16 Vet.App. at 501 (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996)). Applying this principle, the Court in *Hensley* determined that it was unreasonable for the appellant's counsel there to have expended considerable efforts on an argument, presented in opening and reply briefs, before a panel of the Federal Circuit, which argument related to the overturning of a prior panel decision of that court, when that panel lacked authority to rule in the appellant's counsel's favor on the issue. *Hensley*, 16 Vet.App. at 502. (In *Hensely*, the Court reduced by approximately half the total hours claimed by the attorney as having been expended in preparing that argument. *Ibid.* The Court explained that it did not exclude from the fee award the entire time spent

6

on the argument because the appellant's counsel "could have provided a *succinct* synopsis of the . . . argument in his brief to the panel, thereby preserving the issue for a later en banc argument." *Ibid.*)

The Court concludes that it was unreasonable in this case for the appellant's counsel to have expended his time on the argument defending his attorney-judgment EAJA provision in the fee agreement. The caselaw, as demonstrated by the opinions and orders cited by the Court in *Fritz I*, is clear as to the invalidity of the attorney-judgment EAJA provision. *Fritz I*, 13 Vet.App. at 192-93 (citing *Wingo v. West*, 12 Vet.App. 305, 306 (1999) (per curiam order); *In re Fee Agreement of Mason*, 11 Vet.App. 514, 516 (1998) (per curiam order); *Similes v. West*, 11 Vet.App. 115, 118 (1998); and *Shaw v. Gober*, 10 Vet.App. 498, 506 (1997)). In two of the cases cited in the *Fritz I* opinion, the language of the fee agreement, which was held in those cases to be unreasonable and invalid, was identical to that in this case. *See Wingo* and *Fee Agreement of Mason*, both *supra*. In fact, the appellant's counsel in one of those cases was the appellant's counsel in this case, *see Fee Agreement of Mason*, 11 Vet.App. at 515, and the Court would have expected counsel to have conformed the terms of his fee agreement to that caselaw after it was issued. In addition, in response to the appellant's counsel's argument that the Court lacked jurisdiction to review the fee agreement, the Court concluded that "it is . . . clear that this Court has jurisdiction to review the fee agreement at issue." *Fritz I*, 13 Vet.App. at 192. Because the appellant's counsel ultimately failed to justify the attorney-judgment EAJA provision, and because the argument in support of it was unreasonable, the charges generated in defense of that provision are not recoverable. Therefore, the Court will deny that part of the first supplemental EAJA application that seeks fees for time expended in defense of that provision. In contrast, as discussed above, the Court concludes that the arguments of the appellant's counsel with respect to the other two fee-agreement provisions were not unreasonable and will grant that part of the first supplemental application that seeks fees for time expended defending those two provisions.

The Court notes that it is difficult to determine, as to all activities, the exact amount of time devoted to the argument relating to the unreasonable attorney-judgment EAJA provision, because the itemization of fees attached to the first supplemental application does not break down the time in terms of arguments presented. *See* Exhibit 1 at 2 to Dec. 1999 Supplemental Application. The

7

appellant seeks $2,631.22 in attorney fees (based on 19.40 hours) and $34.76 in expenses. In its discretion, the Court will reduce the total number of hours claimed by (a) the 6 hours billed on December 14, 1999, and December 15, 1999, solely for the unreasonable fee-agreement-provision argument, and (b) 4.5 hours (one-third of all remaining hours billed following the Court's order to show cause that issued on December 22, 1998) for a total of 10.5 hours. *See Jean*, 496 U.S. at 163-66 (noting that courts have wide discretion in award of EAJA fees); *Hensley*, 16 Vet.App. at 497 (same). The Court will thus reduce by 10.5, from 19.40 to 8.90, the total hours claimed in the first supplemental application. The Court will calculate the fee at the rate proposed by the appellant's counsel and will award to the appellant reimbursement for all expenses and costs claimed.

Lest there be any doubt, the Court now clarifies that any future fee agreements entered into containing a provision previously held invalid, or filings in defense of a previously invalidated fee-agreement provision, may be considered grounds for action under Rule 38 of the Court's Rules of Practice and Procedure (regarding frivolous filings) or other appropriate Court rules.

Finally, in light of our partial award of fees and expenses requested in the first supplemental application and the recent holding in *Hensley*, *supra*, that this Court has jurisdiction to award fees for work associated with an appeal to the Federal Circuit, we will order the parties to address, pursuant to Rule 39, the impact on the second supplemental EAJA application of those matters and will return the second supplemental application to the single judge for disposition. *See* U.S. Vet. App. R. 39.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the Court grants in part and denies in part the appellant's December 21, 1999, first supplemental EAJA application and awards the appellant EAJA fees and expenses in the amount of $1,241.87. The Clerk will file, as of the day before the date of this opinion, the appellant's reply, which was lodged with the Court on July 15, 2002. The Court lifts the stay of proceedings as to the appellant's December 12, 2001, second supplemental EAJA application. Pursuant to Rule 39(d)(5), the Secretary will have 30 days to file a response to that second supplemental application, and the appellant will have 30 days to file a reply to the Secretary's response. *See* U.S. VET. APP. R.

39(d)(5); *see also* U.S. VET. APP. R. 39(b), (c).  The parties are to include in their submissions a discussion as to the impact on the second supplemental application of this Court's decision here and in *Hensley*, *supra*.  The Court returns the second supplemental application to the screening judge for disposition.

FIRST SUPPLEMENTAL APPLICATION GRANTED IN PART AND DENIED IN PART.