# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-66

RICHARD A. LINVILLE,                                                    APPELLANT,

    v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

In a February 3, 1998, opinion, the en banc Court dismissed for lack of jurisdiction the appellant's appeal on the ground that his motion for reconsideration by the Board of Veterans' Appeals (Board) had been filed more than 120 days after the mailing of notice of the underlying Board decision, even though that motion had been postmarked within the 120-day Notice of Appeal (NOA) filing period set forth in 38 U.S.C. § 7266(a). *Linville v. West*, 11 Vet.App. 60, 63-64 (1998) (en banc). The appellant appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), and in a January 26, 1999, decision, the Federal Circuit reversed this Court's decision and held that the postmark of the appellant's reconsideration motion within 120 days after the mailing of that notice had tolled the running of that filing period, and that this Court had jurisdiction over the appellant's subsequent appeal. *Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999). The parties then filed with this Court a joint motion to remand the merits of the matter to the Board, and the Court granted that motion, vacated the Board decision, and remanded the matter.

The appellant has now filed an application for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), including attorney fees for work done before the Federal Circuit. The Court notes that the issue of this Court's jurisdiction to award EAJA fees for work done before the Federal Circuit has not been specifically addressed and decided. *See Barrera v. West*, 13 Vet.App. 139 (1999), *mot. for full Court decision denied*, 13 Vet.App. 418 (2000) (en banc order and separate statements).

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file and serve on the Secretary a supplemental memorandum addressing the Court's jurisdiction to award EAJA fees and expenses for work done before the Federal Circuit. It is further

ORDERED that, not later than 30 days after the date of service of the appellant's memorandum, the Secretary file and serve on the appellant a supplemental memorandum addressing the above jurisdictional question and responding to the appellant's supplemental memorandum.

DATED:  June 13, 2001                          PER CURIAM.