# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-978

Burke Hensley, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

Before KRAMER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges*.

## O R D E R

The appellant, Burke Hensley, previously appealed a February 1996 decision of the Board of Veterans' Appeals (Board) that had denied, as not well grounded, his claim for service connection for heart disease as a residual of mustard gas exposure. On September 22, 1998, the Court, by single judge, affirmed that Board decision. *Hensley v. West*, No. 96-978, 1998 WL 666701 (Vet. App. Sept. 22, 1998). The appellant appealed the Court's decision to the United States Court of Appeals for the Federal Circuit (Federal Circuit). On May 12, 2000, the Federal Circuit vacated this Court's September 1998 decision and remanded the matter for proceedings consistent with its opinion. *Hensley v. West*, 212 F.3d 1255, 1257 (Fed. Cir. 2000). On July 24, 2000, this Court vacated the February 1996 Board decision and remanded the appellant's claim to the Board for proceedings consistent with the Federal Circuit's May 2000 opinion. Judgment was entered on August 15, 2000. On September 8, 2000, the Court received the appellant's premature application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $58,691.54. Mandate was issued on October 17, 2000, and, on that same date, the Court filed the appellant's EAJA application.

In his EAJA application, the appellant asks the Court to award fees and expenses for work done by his counsel before this Court and also for work done by his counsel before the Federal Circuit. The Court notes that it has not specifically addressed nor decided the issue of whether it has jurisdiction to award EAJA fees for work associated with an appeal to the Federal Circuit. *See Barrera v. West*, 13 Vet.App. 139 (1999), *mot. for full Court decision denied*, 13 Vet.App. 418 (2000) (en banc order and separate statements). The Court also notes that this issue was fully briefed in another case but that the parties in that case agreed upon a settlement prior to any disposition by this Court. *See Linville v. Principi*, 15 Vet.App. 48 (2001) (per curiam order). In that case, the appellant had argued in his brief that, in light of both the language of the EAJA and the unitary theory of EAJA litigation set out in *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154 (1990), only one EAJA application need be filed in only one court.

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file a memorandum of law 1) showing cause why the Court should not dismiss for lack of jurisdiction the portion of his EAJA application in which he requests fees for work done by his counsel before the Federal Circuit; and 2) showing cause why (assuming, *arguendo*, that the Court has jurisdiction to award EAJA fees for work done by counsel before the Federal Circuit) the highest court that reviewed his case on the merits is not the proper court in which to file his EAJA application. It is further

ORDERED that the Secretary file a response to the appellant's memorandum of law not later than 30 days after the date of service of such memorandum.

Either party may choose to rely, in whole or in part, on a pleading or pleadings submitted in *Linville*, *supra*, by incorporation by reference in that party's memorandum of law.

DATED:      May 10, 2002                                        PER CURIAM.