# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-2323

James F. Fritz,                                             Appellant,

  v.

Anthony J. Principi,
Secretary of Veterans Affairs,                              Appellee.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

## O R D E R

In a decision dated April 18, 2000, the Court granted the appellant's request for attorney fees and expenses as provided in his original application under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), but denied attorney fees and expenses requested in a first supplemental EAJA application [hereinafter generally referred to as the first supplemental]. The Court denied that application on the bases that (1) the dispute surrounding the fee agreement, between the appellant and his counsel, which was filed with the Court, was raised sua sponte by the Court in accordance with 38 U.S.C. § 7263(c) and, thus, the litigation regarding that fee agreement was not a part of a "civil action" brought against an agency for the purposes of 28 U.S.C. § 2412(d)(1)(A); and (2) the appellant's fees-for-fees claim was only collaterally related to the issues litigated in the appeal to which the granting of the original EAJA application pertained. *See Fritz v. West*, 13 Vet.App. 439, 441 (2000) (quoting *Shaw v. Gober*, 10 Vet.App. 498, 502 (1997)).

The appellant subsequently appealed this Court's April 2000 opinion to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). On September 6, 2001, the Federal Circuit issued an opinion that vacated this Court's April 2000 opinion and remanded the matter; the Federal Circuit held that this Court's denial of the appellant's supplemental application was erroneous as a matter of law in light of *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), and *Brewer v. American Battle Monuments Commission*, 814 F.2d 1564 (Fed. Cir. 1987). *Fritz v. Principi*, 264 F.3d 1372, 1377 (Fed. Cir. 2001). The Federal Circuit stated that, upon remand, the Court should "determine on the present record whether the attorney's actions were unreasonably dilatory or procedurally defective", either of which "would justify a denial of some portion" of the fees-for-fees award. *Ibid.* On October 29, 2001, the Federal Circuit issued its mandate in the case.

On December 12, 2001, the appellant filed a second supplemental EAJA application [hereinafter generally referred to as the second supplemental] – for the representation provided to him by his counsel in connection with the litigation over the first supplemental. On February 12, 2002, after obtaining two extensions of time to file a response, the Secretary filed a motion for a stay of proceedings as to the second supplemental; he argues that he "cannot reasonably respond to [the

second supplemental] until the Court issues an order either determining the reasonableness of [the a]ppellant's first [s]upplemental [a]pplication, or requesting that the parties provide supplemental briefing on that issue." Secretary's February 12, 2002, Motion at 2. On February 25, 2002, the appellant filed a response in opposition to the Secretary's request for a stay of proceedings; the appellant argues, inter alia, that Rule 39(c) of this Court's Rules of Practice and Procedure (Rules) requires the Secretary to file a response "[w]ithin 30 days after service of the application". Appellant's February 25, 2002, Response at 2. The Court notes that the appellant has not cited the correct version of Rule 39. Subsections (a) through (c) of Rule 39 were amended by *In re: Rules 39, 41, and 42 of the Rules of Practice and Procedure*, 15 Vet.App. CCCLX (2001), to read:

> **(a) Time for filing.** An application pursuant to 28 U.S.C. § 2412 for award of attorney fees and/or other expenses in connection with an appeal or petition must be filed with the Clerk [of the Court] within 30 days after this Court's judgment becomes final, which occurs 60 days after entry of judgment under Rule 36 or, consistent with Rule 41(b), upon the issuance of an order on consent dismissing, terminating, or remanding a case. See Rule 25 (Filing and Service).

> **(b) Supplemental application.** An appellant or petitioner whose application described in subsection (a) of this rule has been granted in whole or in part may, not later than 30 days after the Court action granting such application, file a supplemental application for attorney fees and other expenses in connection with the submission or defense of such subsection (a) application. See Rule 25.

> **(c) Response.** Within 30 days after the date on which an application described in subsection (a) or a supplemental application described in subsection (b) is filed, the Secretary shall file and serve a response to the application or supplemental application, stating which elements of the application or supplemental application are not contested and explaining the Secretary's position on those elements that are contested.

*Id.* at CCCLXI. The Comment to this Rule 39 amendment stated in part: "Subsection (b) is added to provide specifically for the submission, once an ***initial*** EAJA application is granted, of a supplemental EAJA application requesting fees and expenses for the fee litigation itself". *Ibid.* (emphasis added). The new text of Rule 39 makes clear what the old text left ambiguous: A response to a supplemental EAJA application is to be filed and served on the appellant not later than 30 days after the date on which such supplemental application was filed.

However, the Court acknowledges that the Rule is unclear as to the process for the filing of a second (or subsequent) supplemental EAJA application or for a response thereto. First, subsection (b) does not address specifically the situation currently before the Court – the filing of a second supplemental EAJA application for fees based on a successful appeal to the Federal Circuit. In this case, the appellant filed that second supplemental on December 12, 2001, 44 days after the Federal Circuit issued its mandate. By analogy to subsections (a) and (b) (by treating the first supplemental

as a subsection (a) application and the second supplemental as a subsection (b) application), it would appear reasonable to assume that that second supplemental should be filed either not later than 30 days after the first supplemental is granted – an action that has not yet occurred even though the Federal Circuit's opinion and mandate have provided for granting at least in part the first supplemental – *or* by November 28, 2001, which was 30 days after the Federal Circuit's mandate. However, the Rule provides no clear guidance on this point, and we find, therefore, that the filing of the second supplemental in this case was not untimely. *See* U.S. VET. APP. R. 2 ("[t]o expedite a decision, or for other good cause shown, this Court may suspend the application of any of these rules in a particular case and may order proceedings in accordance with its direction, but the Court may not extend the time for filing a Notice of Appeal"), 26(b) ("Court, on its own initiative . . . , may extend the time prescribed by these rules for doing any act, or may permit an act to be done after the expiration of such time").

As to the filing of the Secretary's response to the second supplemental, Rule 39 is equally unhelpful. Subsection (c) contains language that might, on its face, seem applicable to the filing of responses to second (and subsequent) supplemental EAJA applications (by treating the second supplemental as a subsection (b) application), so as to require that such a filing in this case should have been made not later than January 11, 2002, 30 days after the filing of the second supplemental. However, this subsection appears designed to deal only with a first supplemental EAJA application. Moreover, by analogy to the concept underlying subsections (a) and (b), the filing of a response to the second supplemental by the Secretary is not anticipated until after the occurrence of the preceding event (the granting of the EAJA application on which the next such application is based). By reference to this concept, the Court agrees with the Secretary that, (1) even though it seems clear that an award in some amount will be made by this Court pursuant to the Federal Circuit's mandate, the extent of that amount is not yet determined and (2) the Secretary ought to have an opportunity to tailor his response to the second supplemental to the Court's ultimate disposition of the first supplemental. *See* U.S. VET. APP. R. 2, 26(b).

Moreover, as to the second supplemental, the Court notes that it relates, in part, to the appellant's representation by counsel before the Federal Circuit. The question of this Court's jurisdiction to award fees for representation by counsel before the Federal Circuit or the propriety of this Court's doing so is currently pending before a panel of the Court, and briefing has been ordered in that case. *See Hensley v. Principi*, __ Vet.App. ___, No. 96-978, 2002 WL 971711 (May 10, 2002) (per curiam order). Accordingly, the Court will hold the second supplemental in abeyance pending the disposition of that question in *Hensley*, *supra*; this disposition, in effect, will also grant the Secretary's motion for a stay of proceedings as to the second supplemental. Further, the Court will order the Secretary to file a supplemental response to the first supplemental at this time. Finally, the Court notes that, after it disposes of the first supplemental, assuming, as appears likely, that at least some portion of the first supplemental is granted, and after the Court disposes of *Hensley*, *supra*, the Secretary will be given 30 days to respond to the second supplemental, and the appellant will then have 30 days to reply thereto under Rule 39(d). In that reply, the appellant should include any third supplemental EAJA application – that is, for fees in connection with the representation provided to him in connection with the litigation over the second supplemental.

3

From the foregoing discussion, it seems quite apparent that Rule 39, although recently amended, requires further revision to provide for such multiple supplemental-EAJA-application situations. The Court will consider such amendments in connection with the comprehensive Rules revision review now underway following the submission of extensive recommendations by the Court's Rules Advisory Committee.

On consideration of the foregoing, it is

ORDERED that the Secretary's February 12, 2002, motion for a stay of proceedings as to the second supplemental is granted in part; proceedings on the second supplemental will be held in abeyance pending the disposition of *Hensley*, *supra*. It is further

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a supplemental response to the appellant's first supplemental EAJA application in light of the Federal Circuit's opinion in this case.

DATED:     June 7, 2002                                    PER CURIAM.