**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 97-2323(E)

James F. Fritz, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

Before HAGEL, LANCE, and DAVIS, *Judges*.

**O R D E R**

In December 1997, James F. Fritz, who was then unrepresented, appealed a September 1997 Board of Veterans' Appeals (Board) decision in which he was denied VA benefits. That appeal was docketed as No. 97-2323 and is the subject of this order. He eventually obtained an attorney, Kenneth M. Carpenter. In February 1998, attorney Carpenter filed with the Court a fee agreement that he had entered into with Mr. Fritz. In November 1998, the parties filed a joint motion for remand, which the Court granted that same month. The following month, attorney Carpenter filed on Mr. Fritz's behalf an application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for an award of attorney fees and expenses in the amount of $4,539.76. Although the Secretary did not contest the EAJA application, the Court sua sponte held the EAJA application in abeyance and ordered attorney Carpenter to show cause why the fee agreement that he had entered into with Mr. Fritz was not unreasonable.

In November 1999, the Court issued a decision in *Fritz v. West*, 13 Vet.App. 190 (1999) [hereinafter (*Fritz I*)] in which it held that it was prepared to grant the EAJA application in full provided that attorney Carpenter submit verification from Mr. Fritz that he had approved of the EAJA application as submitted. The following month, attorney Carpenter submitted Mr. Fritz's verification along with a supplemental EAJA application for $2,665.98 in fees and expenses for his defense of the EAJA application that was the subject of the Court's decision in *Fritz I*. The Court, in April 2000, issued a decision in *Fritz v. West*, 13 Vet.App. 439 (2000) [hereinafter (*Fritz II*)] in which it granted in full the original EAJA application and denied the supplemental EAJA application. That decision was appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).

In September 2001, the Federal Circuit issued a decision in *Fritz v. Principi*, 246 F.3d 1372 (Fed. Cir. 2001) [hereinafter (*Fritz III*)] in which it vacated this Court's decision in *Fritz II* and remanded the matter to the Court after deciding that the Court's refusal to award EAJA fees for the work performed defending the EAJA application at issue in *Fritz I* constituted error as a matter of law. This Court, in April 2003, issued a decision in *Fritz v. Principi*, 17 Vet.App. 68 (2003)

[hereinafter (*Fritz IV*)]. The Court granted in part and denied in part the supplemental EAJA application that was the subject of *Fritz II* and *Fritz III* and ultimately awarded $1,241.87 in fees and expenses. The mandate from the decision in *Fritz IV* was issued on May 27, 2003.

On February 22, 2005, attorney Carpenter filed on Mr. Fritz's behalf an unopposed motion to recall mandate in *Fritz IV* on the basis that, on May 9, 2003, he had filed a request pursuant to 38 U.S.C. § 7263(c) for review of the fee agreement between him and Mr. Fritz regarding his obligation to offset the award of EAJA fees and expenses "granted in [Mr. Fritz's] first [s]upplemental [f]ee [a]pplication and in his pending second [s]upplemental [f]ee [a]pplication." The Court, in an April 2005 single-judge order, granted the unopposed motion to recall mandate solely for the purpose of considering the May 9, 2003, motion.

On September 15, 2005, attorney Carpenter filed a self-styled "Request to Expand Scope of Review of Fee Agreement." Therein, he apprises the Court that, following the Court's granting of the joint motion for remand in November 1998, and while the first and supplemental EAJA applications were being litigated, the Board, in an August 1999 decision, again denied Mr. Fritz's claim. He further apprises the Court that that Board decision was appealed to the Court. That appeal was docketed as No. 99-1854. On the same day that that appeal was filed with the Court, attorney Carpenter and Mr. Fritz entered into a "new fee agreement," which was later filed with the Court in conjunction with that appeal. The Court, after granting a joint motion, remanded the matter in 2000. Based on the Court's remand order, attorney Carpenter filed an application for fees and expenses under the EAJA on Mr. Fritz's behalf and asserts that Mr. Fritz obtained a $1,037.49 EAJA award. Additionally, as a result of the ultimate adjudication on the matter on remand, in 2002 Mr. Fritz obtained an award of past-due benefits of which attorney Carpenter was paid $12,505.00 pursuant to the fee agreement.

Attorney Carpenter then asserts that, as a result of the Federal Circuit's affirmance of this Court's decision in *Carpenter v. Principi*, 15 Vet.App. 64 (2001) (en banc), he offset against the $12,505.00 that he had received the $5,577.25[1] that Mr. Fritz had been awarded in EAJA fees for work that he had performed before the Court "in 1997" and "in 1999." In the course of that assertion, attorney Carpenter recognizes that the "work performed before the Court in 1997 . . . *did not* result in an award of past-due benefits" but that the "work performed before the Court in 1999 . . . *did* result in an award of past-due benefits." In light of that recognition, it now appears to him "that an offset of $4,539.76 of the $5,577.25 may not have in fact been required . . . because the work performed before the Court in 1997 *did not* result in an award of past-due benefits." He therefore asks that the Court expand its scope of review to determine that "the intervening decision of the Board in 1999 negates the offset requirement . . . because the work performed before the Court in this matter did not result in an award of past-due benefits to Mr. Fritz." Finally, he asserts that, if the Court agrees with him, his May 9, 2003, motion would become moot and, if the Court determines

---

[1] That figure is arrived at by adding the $4,539.76 awarded by the Court pursuant to the EAJA for work performed by attorney Carpenter before the Court in appeal No. 97-2323 with the $1,037.49 awarded by the Court pursuant to the EAJA for work performed by attorney Carpenter in appeal No. 99-1854.

that an offset was required for the initial EAJA award "then it would be necessary for the Court to address the original question presented."

The Secretary responded to attorney Carpenter's request on October 6, 2005. He argues that there is no case or controversy pending before the Court regarding the February 1998 fee agreement at issue in *Fritz I*. In that regard, he contends, among other things, that "[t]here were no past-due benefits awarded as a result of the Court's actions in the instant appeal" and that attorney Carpenter refers to matters in a separate appeal that has not been consolidated with this appeal and that is not now before the Court. Attorney Carpenter responds that "'the case or controversy doctrine' is not applicable" here because "[t]his is not an appeal." He goes on to assert that the Court has jurisdiction pursuant to § 7263(c) to review fee agreements and that "[t]his proceeding is expressly authorized by statute."

Attorney Carpenter's arguments contravene prior precedent and are therefore without merit. This Court has made it abundantly clear that "[t]he language of 38 U.S.C. § 7263(c) presupposes that any review under this section *will be limited to fee agreements in appeals that are currently pending before the Court*." *Snyder v. Gober*, 14 Vet.App. 154, 167 (2000) (emphasis added); *see In re Wick*, 40 F.3d 367, 371 (Fed. Cir. 1994) ("Fee agreements are properly before the court only when it reviews decisions of the Board concerning an agreement or any other matter decided by the Board."). Here, attorney Carpenter acknowledges in no uncertain terms that Mr. Fritz did not obtain an award of past-due benefits based on the Court's remand in No. 97-2323. He also informs the Court that he and Mr. Fritz then entered into a "new fee agreement" and that, as a result of the Court's decision in the ensuing appeal, No. 99-1854, Mr. Fritz obtained both a $1,037.49 EAJA award and an award of past-due benefits of which attorney Carpenter was paid $12,505.00 pursuant to the fee agreement.

Because no award of past-due benefits was obtained as a result of the Court's decision in No. 97-2323, which is now before the Court, there is no offset issue for the Court to review with respect to the fee agreement filed in conjunction with that appeal. Any offset issue now raised by attorney Carpenter relates to the fee agreement later entered into between him and Mr. Fritz and to appeal No. 99-1854, which is not before the Court, as a result of which Mr. Fritz obtained an award of past-due benefits. Because appeal No. 99-1854 is not currently pending before the Court, any fee agreement relating to that appeal is not properly before the Court. *See In re Wick*, 40 F.3d at 371.

On consideration of the foregoing, it is

ORDERED that Mr. Fritz's May 9, 2003, motion is DENIED. It is further

ORDERED that Mr. Fritz's September 15, 2005, request is DENIED. It is further

ORDERED that mandate is reissued as of the date of this order.

DATED:     December 8, 2005                    PER CURIAM